R. J. CHASE, Appellant, v. CITY OF SIOUX CITY, Appellee.

Streets: CHANGE OF GRADE: INJURY TO ABUTTING PROPERTY: DAMAGES. The filling or grading of a city lot to accord with the established grade of the street, is an "improvement" within the meaning of section 469 of the Code, making a city liable for damages to property resulting from a change in the grade of a street, where improvements have been made thereon according to a grade previously established.

*Appeal from Woodbury District Court.*—HON. GEORGE W. WAKEFIELD, Judge.

TUESDAY, OCTOBER 25, 1892.

ACTION for damages to the plaintiff's real estate, resulting from a change of grade in certain streets.   A demurrer to the petition was sustained.   The plaintiff excepted, and, standing on his petition, and refusing to plead further, judgment was rendered against him for costs, and dismissing his action.   He excepted and appeals.—*Reversed.*

*Joy, Hudson, Call & Joy,* for appellant.

*J. L. Kennedy,* City Attorney, and *Kennedy & Kennedy,* for appellee.

KINNE, J.—The plaintiff claims that he was and is the owner of certain lots situated in Rose Hill addition to the city of Sioux City, on Summit avenue and intersecting streets, between Sixteenth and Twenty-first streets; that, prior to the eighth day of April, 1890, the defendant, the city of Sioux City, had caused a grade to be established on said Summit avenue and

intersecting streets, and had caused said avenue and streets to be graded to the established grade, and caused the expense of said grading to be assessed as a lien upon the plaintiff's said property; and that a large portion of said grading consisted of filling said streets and avenue up to the established grade, where the surface of said avenue and said streets was below the grade as so established; that, prior to the said eighth day of April, 1890, the plaintiff had improved all of his said lots hereinbefore described in accordance with such established grade, and expended large sums of money in making said improvements, which consisted in grading said lots to conform to the established grades of the streets, and that a large portion of said expense consisted of filling said lots to conform to the established grade of said Summit avenue, and necessitated, in some instances, a fill of as much as thirty feet; and that prior to said eighth day of April, 1890, he had fully graded the said lots to conform to the grade of said street, at an expense of several hundred dollars per lot. On the eighth day of April, 1890, said defendant, by its council, caused an ordinance to be adopted, changing said established grade of Summit avenue so as to make it cut below said former established grade in front of said lots as follows, to-wit: five and seventy-seven hundredths feet at the intersection of Seventeenth street and Summit Avenue, thirteen and eighty-six hundredths feet at the intersection of Eighteenth street and Summit avenue, nine and fifty-one hundredths feet at the intersection of Summit avenue and Nineteenth street, seven and thirty-six hundredths feet at the intersection of Summit avenue and Twentieth street, three feet at the intersection of Twenty-first street and Summit avenue, and cutting the intersecting streets to correspond with the changes of said intersections as aforesaid, and has proceeded to make, and has made, the actual changes in the grade of said

Summit avenue and intersecting streets to correspond with the grade established by said ordinance; and that all of said acts were done by the defendant without assessing, paying or tendering to the plaintiff the damages to said lots by reason of such change of grade, or any part thereof, and that the defendant has never, at any time, assessed such damages, nor taken any steps whatever to ascertain the same, and has never paid nor tendered such damages, nor any part thereof, to the plaintiff. That the plaintiff has been damaged by reason of the foregoing acts of the defendant, in the injury to said lots and the diminishing of their value, in the sum of fifteen thousand dollars. The defendant demurred to the petition on the ground "that the facts stated do not entitle the plaintiff to the relief demanded, in that the petition fails to show that the plaintiff has built or made any improvements on his said property, prior to the change of grade on said streets." The demurrer was sustained, and, the plaintiff standing thereon, his cause of action was dismissed at his costs.

As the appellants' counsel say, there is but one question raised by the demurrer to the petition, to wit: "Do the filling up and grading of residence lots in accordance with the established grade of the street, and preparing the same to be built upon, constitute the making of improvements, as contemplated by section 469 of the Code?" That portion of the section referred to, which is material to the question raised, reads: "When any city or town shall have established the grade of any street or alley, and any person shall have built or made any improvements on such street or alley according to the established grade thereof, and such city or town shall alter said established grade in such a manner as to injure or diminish the value of said property, said city or town shall pay to the owner or owners * * * the amount of such damage or injury," etc. The decision of the question to be

determined depends largely on the construction given to the word "improvements," as used in the statute. "Improvement" is defined as "increase; growth; progress; advance; valuable additions or betterments, as buildings, clearings, drains, fences, etc., on premises." Webster's Dictionary. Also: "A betterment; that by which the value or excellence of a thing is enhanced; a beneficial or valuable change or addition.  *  *  *  An improvement in real property is something done or added to it which increases its value, as cultivation, or erection of, or addition to, buildings." Century Dictionary. "Improvement is work done or things built or placed upon land, rendering it more fit for use, and more capable of producing income." Abbott's Law Dictionary. "An improvement is an amelioration in the condition of real or personal property, effected by the expenditure of labor or money, for the purpose of rendering it useful for other purposes than those for which it was originally used, or more useful for the same purposes." Bouvier's Law Dictionary. "A valuable addition made to property, usually real estate, or an amelioration in its conditions, amounting to more than mere repairs or replacement of waste, costing labor or capital, and intended to enhance its value and utility, or to adapt it for new or further purposes." Black's Law Dictionary. "The word 'improvement,' as used in a lease, embraces every addition, alteration, erection, or annexation made by the lessee during the term for his use. It is more comprehensive than the word 'fixtures,' which is necessarily embraced in it." *French v. Mayor, etc.*, 16 How. Pr. 220. "In law, 'improvements' is a term meaning changes in the condition of property by which its value is increased. It is usually employed in the plural form, and with reference to real property. Illustrations may be found in the erection of buildings upon land previously vacant, additions to buildings

already upon land, the construction of sewers, the grading and paving of streets, the removal of obstructions to streams, the draining of swamps, the clearing of woodland, and many other changes by which the realty affected is made better." 10 Am. & Eng. Encyclopædia of Law, 243. The words "or made any improvements," being used in addition to the word "built," it seems to us should be held to cover grading. It clearly comes within the definition given to the word "improvements." Grading enhances the value of the land; it makes it more useful; it the better adapted the lots for residence purposes.

The cases cited by the appellee, and on which it bases its claim that "when, after an enumeration, a statute employs some general term to embrace other cases, the other cases must be understood to be cases of the same general character, sort, or kind with those named," are not applicable to this case. Nor is the construction of the word "improvement," as used in our mechanics' lien law, in *Brown v. Wyman*, (56 Iowa 452,) that the breaking of land is not an "improvement," applicable here. The breaking of land, or the fitting of land for a crop, is quite a different thing from grading it, and thereby fitting it for a permanent use. Looking at the object and purpose of the statute, why should not the grading of a lot, which may, perhaps, cost as much as the erection of a house thereon, be treated as an "improvement?" It is fitting the property for use. It is done by the owner relying upon a grade as then established, and conforming the surface of the lot thereto.

It is contended that, as the statute uses the words "on such street or alley," when a lot is graded down, the "improvement" is not on the land, but of the land. But that is too narrow and technical a construction of the statute. The intent of the law was, that the owner of property in a city or town which

had regularly established a grade might rely thereon, and proceed to build upon or otherwise improve his property, knowing that, if the municipality should afterwards legally change such grade, he could recover any damages he might sustain by reason thereof. The terms of the statute are broad, and we have no doubt that they cover grading. The district court erred in sustaining the demurrer. REVERSED.