Sinnott, Judge,
delivered the opinion of the court:
The premises of the plaintiff and adjoining land of the Italian National Eifle Shooting Society were leased to the *404 defendant for the construction of a clearing hospital. Other lands in the vicinity were acquired by defendant for the same purpose. The defendant constructed a branch or switch road from the Staten Island Railroad through the property of the Italian Society, and extended said switch road onto the leased property of the plaintiff. For the reason that the property of plaintiff was much below the desired railroad grade, the defendant constructed a fill or embankment, referred to in the findings as a ramp on the leased premises. This ramp was 300 feet long, with an! average width of 175 feet, and an average depth of 10 feet, and contained approximately 20,000 cubic yards of earth and cinders. The fill was approximately 22 feet high at the point where it intersects plaintiff’s property and slopes toward the base at the northeast to a height of approximately 3 feet. Switch railroad tracks were built by defendant on top of and along each of the longitudinal borders of the embankment. A macadam paved roadway was constructed by defendant on the middle portion of the ramp or embankment; also freight warehouses and covered and uncovered platforms were erected by defendant thereon and between the switch railroad tracks and the roadway, for the receipt, storage, and handling of goods used at the hospital.
On or about the 26th of May, 1922, the defendant quit and surrendered the leased premises and caused to be removed from the property the warehouses and railroad tracks, but did not remove the embankment or the macadam road or the roadbed upon which the tracks had been laid.
The question involved herein is whether the defendant should be held for its failure to remove the embankment, macadam road, or roadbed. The following are the pertinent provisions of the lease:
“ * * * it is further understood that the lessee shall undertake to have removed within thirty (30) days after it vacates said premises, all railroad tracks and structures placed thereon during the period of this lease or any renewal thereof.
* * * * * * *
“That all buildings and other improvements fixed to or erected or placed in or upon the said premises by the lessee *405 shall be and remain the exclusive property of the lessee, provided, however, that the same shall be removed by the lessee within 30 days after the said premises are vacated under this lease.”
The undisputed testimony on behalf of plaintiff, as set forth in Finding IY, is that it was the intention of defendant to run a switch railroad track on plaintiff’s property and to construct a trestle or other work on the property to support the railroad tracks and storehouses, which would be built thereon, and that the first provision of the lease, above quoted, was inserted in said lease for the express purpose of fixing a definite obligation upon the United States to remove the contemplated ramp or trestlework, upon the termination of its tenancy.
We think there can be no doubt that the removal of the embankment or ramp was within the first provision of the lease above cited, requiring the removal of “ all railroad tracks and structures placed thereon.” Instead of using a trestlework to support the railroad tracks, freight warehouses, covered and uncovered platforms, and the roadway for the receipt, storage, and handling of goods used at the hospital, the embankment or ramp was employed. The embankment was employed in lieu .of a trestlework. That certainly constituted it a railroad structure. Defendant admits, on page 38 of its brief, that “ if a trestle had been erected, as was contemplated, over this low land in order to support the railroad track or tracks, that such trestle would have had to be removed.”
Defendant further contends on the same page—
“ that if a railroad embankment to support tracks had been placed upon the ground that same would have come within the requirements of the lease, but the embankment in question'is more than an embankment to support railroad tracks. It is much wider than needed for that purpose. A railroad embankment is not 175 feet wide, as was this fill-in embankment, and we respectfully submit that when an embankment is made 175 feet wide and covered with macadam to make a paved roadway leading to warehouses and .tracks that are built upon said embankment, which embankment supports the roadway and warehouses as well as the tracks, it becomes something more than a railway structure.”
*406 We think this position of the defendant is disingenuous. It is apparent that the entire use of the ramp or embankment was devoted to railroad purposes. On both sides of the embankment were constructed railroad switch tracks; between the tracks freight warehouses, covered and uncovered platforms, and the macadam roadway were constructed for the receipt, storage, and handling of goods used at the hospital. If the embankment was made wider than needed, as defendant contends, it was so made at the instance of defendant. We can see very little difference in the use of an embankment and a trestlework to support the railroad tracks, the warehouses, and the roadway. Both trestlework and the embankment may be classified as railroad structures. Had a trestle-work been erected to support the tracks, the warehouses, and roadway, defendant could not successfully contend that the trestlework should not be removed because it was wider than needed for these purposes. The same reasoning should apply to the embankment.
The commissioner of this court, who made the report,, viewed the premises and found that it would cost approximately $20,000 entirely to remove the ramp or embankment from the premises, but further found, in Finding IX, that a part of the embankment could be used for the betterment of the property at a cost of not more than $10,000. To this finding, we understand from plaintiff’s brief, no exception is-made by plaintiff. While the point is not made in plaintiff’s-brief, the case of Chase v. Sioux City, 86 Iowa 603, seems to be authority for holding that the ramp or embankment may be defined as an “ improvement ” so as to bring it within the second provision of the lease above cited, requiring the removal of “ all buildings and other improvements.” But this point we deem it unnecessary to decide, as we feel that the ramp or embankment is clearly a railroad structure, within the scope and meaning of the first provision of the lease-above quoted.
Judgment should be entered in favor of the plaintiff, and it is so ordered.
GebeN, Judge; Moss, Judge; Graham, Judge; and Booth, Chief Justice, concur.