**John EMBREE and Linda Embree, Plaintiffs-Appellants,**

**v.**

**AMERICAN CONTINENTAL CORPORATION, an Ohio Corporation, d/b/a Medema Homes, Defendant-Appellee.**

**No. 83CA0067.**

Colorado Court of Appeals, Div. II.

June 21, 1984.

Hornbein, MacDonald, Fattor & Buckley, P.C., Donald P. MacDonald, Rhett K. Dacus, Denver, for plaintiffs-appellants.

George Alan Holley & Associates, Scott D. Albertson, Golden, for defendant-appellee.

VAN CISE, Judge.

Plaintiffs, John and Linda Embree (buyers), appeal a summary judgment dismissing their action against defendant, American Continental Corp., d/b/a Medema Homes, Inc. (builder vendor), as barred by the statute of limitations applicable to actions against builder vendors. We affirm.

Buyers contracted with builder vendor for the construction and sale of a home on a lot selected by them. The house was completed and the deal was closed in November 1977. At that time buyers complained that the lot grading was not what they had been told it was going to be. When builder vendor refused to correct the grading, buyers had the work done at their own expense in 1979 and 1980.

In September 1981, buyers commenced this lawsuit, seeking damages from builder vendor for its failure to grade and level their lot as agreed, based on claims of

fraudulent representations, negligent misrepresentations, and breach of express warranty. In its answer, builder vendor raised the affirmative defense of the statute of limitations, § 13–80–127, C.R.S. (effective July 1, 1979, as amended) (1983 Cum.Supp.). The trial court held that buyers were barred by this statute, and granted builder vendor's summary judgment motion.

This statute provides, in pertinent part:

"(1)(a) All actions against any ... builder vendor ... performing or furnishing the ... construction ... of any improvement to real property shall be brought within two years after the claim for relief arises, and not thereafter ...

"(b) A claim for relief arises under this section at the time the damaged party discovers or in the exercise of reasonable diligence should have discovered the defect in the improvement which ultimately causes the injury ....

"(c) Such action shall include any and all actions in tort, contract ... or other actions for the recovery of damages for:

"(I) Any deficiency in the ... construction of any improvement to real property ....

....

"(4) .... (b) All actions commenced on or after July 1, 1979, to assert claims for relief arising prior to July 1, 1979, which are not barred by this section as it existed prior to July 1, 1979, or any other applicable statute of limitations shall be commenced on or before July 1, 1981, and not thereafter."

The only issue on this appeal is whether the trial court erred in holding that buyers' claims are barred by the above statute. Buyers contend that grading of the lot is not an "improvement to real property" and that, since there was no grading done, there was no "defect" or "deficiency." We agree with the holding of the trial court.

John Embree in his deposition described the grading as sloping and therefore not level as had been promised. Buyers were dissatisfied and unhappy with the way the grading was done and, therefore, from their standpoint the grading was "deficient." This belies the argument in their brief that no grading was done.

Contrary to buyers' contention, grading is essential and integral to the construction and completion of a house and is, therefore, part of the improvements to the real property. See e.g., Mazel v. Bain, 272 Ala. 640, 133 So.2d 44 (1961); Lewis v. Midway Lumber Co., 114 Ariz. 426, 561 P.2d 750 (Ariz.App.1977); Howard M. Deason & Co. v. Costa Tierra Ltd., 2 Cal.App.3d 742, 83 Cal.Rptr. 105 (1969); Chase v. City of Sioux City, 86 Iowa 603, 53 N.W. 333 (1892). Builder vendor's alleged improper grading of the lot is a "deficiency in an improvement to real property," and buyers' claims, therefore, are within the scope of the limitation statute.

Judgment affirmed.

SMITH and BERMAN, JJ., concur.