**Max H. STANSKE, Plaintiff-Appellant,**

v.

**WAZEE ELECTRIC COMPANY, a Colorado corporation, Defendant-Appellee.**

**No. 83CA1132.**

Colorado Court of Appeals,
Div. I.

Aug. 2, 1984.

Rehearing Denied Sept. 6, 1984.

Certiorari Granted Nov. 5, 1984.

Richard M. Borchers, P.C., Richard M. Borchers, Randall J. Davis, Westminster, for plaintiff-appellant.

Bayer, Carey & McGee, P.C., Gary L. Palumbo, Terry L. Lutts, Denver, for defendant-appellee.

ENOCH, Chief Judge.

Plaintiff, Max H. Stanske, appeals the court's entry of summary judgment in favor of defendant, Wazee Electric Co. We affirm.

By 1956 at the latest, Wazee, a licensed electrical contractor, completed installation of the electrical system which activated an auger system at a grain elevator. Stanske worked at this grain elevator, and was responsible for operating the auger system, which unloads grain from railcars, transports it into the central elevator terminal, and then distributes it to the various storage elevators. In February 1980, Stanske was injured when he pushed the button to engage the auger and the indicator light exploded, injuring his eye and cheek. There is no evidence of any prior difficulty with the light, or any work on the light by Wazee following the initial installation.

Stanske contends that the court erred in barring his claim by applying the statute of limitations set out in § 13–80–127, C.R.S. (1983 Cum.Supp.), which places a 10-year limit on actions after substantial completion of improvements. He contends that the appropriate statute of limitations is § 13–80–127.5, C.R.S. (1983 Cum.Supp.), which provides that an action may be brought within three years after the claim for relief arises. We disagree with both contentions.

Where a statute of limitations is specifically drafted to relate to special cases, it, rather than a general statute of limitations, controls. *Ass'n of Owners v. Otte*, 38 Colo.App. 12, 550 P.2d 894 (1976). Section 13–80–127.5 is a statute of limitations for manufacturers and sellers of products while § 13–80–127 is specifically limited to actions against architects, contractors, builders or builder-vendors, engineers, or inspectors for personal injury or property damage caused by the design,

planning, supervision, inspection, construction, or observation of construction of "any improvement to real property." Thus, because § 13–80–127 is more limited than § 13–80–127.5, it should apply to this action if the indicator light, which allegedly was negligently installed by Wazee, constitutes an improvement to real property, as was determined by the trial court. This is so because even though Wazee had a contractual duty to supply some materials in the course of the project, Wazee served as the contractor for the electrical installation. *See Cudahy Co. v. Ragnar Benson, Inc.,* 514 F.Supp. 1212 (D.Colo.1981).

 The phrase "an improvement to real property" is not defined by the statute, and therefore, we must assume that the General Assembly intended that this phase be given its usual and ordinary meaning. *Cohen v. State,* 197 Colo. 385, 593 P.2d 957 (1979).

 Stanske does not contend that the electrical system is not an improvement to real property, but contends that, because the indicator light could be removed without damage to the building, the light is not an improvement to real property. However, the fact that the indicator light could probably be removed from the wall where it is attached is not decisive. The indicator light is part of the auger starter switch, and both are integral components of the electrical system which in turn operates the grain distribution system. Without this distribution system, the grain elevator could not serve the purpose for which it was designed. *See Cudahy Co. v. Ragnar Benson, Inc., supra.* Therefore, we agree with the trial court that the indicator light installed by Wazee as part of the overall electrical system is an improvement to real property within the meaning of § 13–80–127. Hence, since that statute states that no action may be brought more than ten years after substantial completion of the improvement to the real property, the court correctly entered summary judgment in favor of Wazee.

Stanske also contends that the issue whether the indicator light is an improvement to real property is one of fact and therefore cannot be determined on a summary judgment motion. We disagree.

 Where the material facts are undisputed, as in this case, the question whether a particular item is an improvement to real property is a question of law. *See Ferganchick v. Johnson,* 28 Colo.App. 448, 473 P.2d 990 (1970); *see also Ciancio v. Serafini,* 40 Colo.App. 168, 574 P.2d 876 (1977) (whether a survey is an improvement to real property treated as a question of law).

Judgment affirmed.

BERMAN and BABCOCK, JJ., concur.