Michael ENRIGHT, Plaintiff-Appellee,

v.

CITY OF COLORADO SPRINGS, a municipal corporation, and Harding Glass Industries, a Missouri corporation, d/b/a Harding Glass Company, Defendants-Appellants.

No. 83CA0197.

Colorado Court of Appeals,
Div. I.

Oct. 31, 1985.

As Modified on Denial of Rehearing
Jan. 23, 1986.

Richard J. Kennedy, Colorado Springs, for plaintiff-appellee.

Blunk and Johnson, Forrest S. Blunk, Denver, for defendant-appellant City of Colorado Springs.

Rector, Retherford, Mullen & Johnson, Neil C. Bruce, L. Dan Rector, Colorado Springs, for defendant-appellant Harding Glass Industries.

BERMAN, Judge.

Defendants, City of Colorado Springs (City) and Harding Glass Industries (Harding Glass), appeal the judgment in favor of Michael Enright (plaintiff) who sustained personal injuries when he fell through a plate glass vestibule at the Colorado Springs Municipal Airport. At trial, the jury found both defendants liable based on negligence, Harding Glass liable based on the theory of strict liability, and found the plaintiff not negligent at all. The jury returned a verdict in the amount of $67,-500, assessing sixty-five percent of the damages against the City and thirty-five percent against Harding Glass, making both parties jointly and severally liable. We reverse.

The operative facts are the following: An airport terminal building was constructed in 1966 by the City. Subsequently, it was discovered that wind frequently blew the doors open at one end of the terminal. The City determined that installation of a vestibule would alleviate the problem. Harding Glass was employed to construct the vestibule. Construction was completed in 1967. On June 23, 1979, the plaintiff was exiting the airport terminal. As he walked through the vestibule, he fell to his right through a plate glass panel of the vestibule, and was injured.

I.

Harding Glass alleges that, as to its liability, the plaintiff's claims are barred by § 13–80–127, C.R.S. That statute, in effect during times pertinent here, provided that:

"All actions against any ... contractor ... to recover damages for injury to person or property caused by the design ... [or] construction of any *improvement to real property* shall be brought within two years after the claim for relief arises, and not thereafter, but in no case shall such action be brought more than ten years after the substantial completion of improvements to the real property...." (emphasis added)

The phrase "an improvement to real property" is not defined by the statute, and therefore, we must assume that the General Assembly intended that this phrase be given its usual and ordinary meaning. *Stanske v. Wazee Electric Co.*, 690 P.2d 1291 (Colo.App.1984).

The trial court improperly concluded that the vestibule was a product, not an improvement to real property, and therefore does not come within the terms of the statute.

Plaintiff contends that, because the vestibule was fabricated and attached by screws and bolts to an existing doorjamb, and that it could be removed from the doorjamb without damage to the terminal building, the vestibule is not an improvement to real property. However, the fact that the vesti-

bule could probably be removed from the doorjamb where it is attached is not decisive.

The principal factor to be considered in making a determination whether something constitutes an improvement to real property is the intention of the owner. Here, it is clear that it was the intention of the City to annex the vestibule in order to provide permanent relief from the problems suffered as a result of the wind blowing through the terminal. The record does not indicate any instances in which the vestibule was removed or replaced. Therefore, the vestibule was a permanent fixture to the terminal itself, and must be construed as an improvement to real property.

Since plaintiff's actions against Harding Glass were not brought within the statutory period required by § 13–80–127, the claim against it is barred.

## II.

The trial court instructed the jury that it could find against the City on theories of products liability, premise liability, or negligence. The trial court instructed the jury on the theory of products liability based on its interpretation of the term "manufacturer" under § 13–21–401(1), C.R.S. (1985 Cum.Supp.) of the Colorado Products Liability Act.

Since we are reversing the judgment against defendant Harding Glass on the basis that the glass company was not a product manufacturer, but instead a contractor erecting an improvement to real property, then neither can the City be deemed a product manufacturer. As a result, the City cannot be found liable under any theory of products liability.

Since the jury was instructed that it could find against the City on the theory of products liability, and since there were no special interrogatories submitted to it concerning particular theories of liability, we cannot ascertain the legal theory upon which the jury found against the City. Thus, a new trial against the City is re-

quired, but solely on the theory that the City's negligence caused plaintiff's injuries.

The judgment is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

PIERCE and STERNBERG, JJ., concur.