**Max H. STANSKE, Petitioner,**

v.

**WAZEE ELECTRIC COMPANY, a Colorado corporation, Respondent.**

**No. 84SC334.**

Supreme Court of Colorado, En Banc.

July 7, 1986.

Randall J. Davis, Westminster, for petitioner.

Bayer, Carey & McGee, P.C., Gary L. Palumbo, Terry L. Lutts, Denver, for respondent.

LOHR, Justice.

In *Stanske v. Wazee Electric Co.*, 690 P.2d 1291 (Colo.App.1984), the Colorado Court of Appeals affirmed a summary judgment entered by the Denver District Court in favor of Wazee Electric Company (Wazee) and against Max H. Stanske. The district court held that Stanske's personal injury claim against Wazee was barred by the ten-year statute of repose contained in section 13–80–127, 6 C.R.S. (1985 Supp.). The court of appeals agreed. We granted Stanske's petition for certiorari in order to determine whether section 13–80–127 is applicable and supports the summary judgment. We affirm.

I.

The relevant facts are not in dispute. In April 1980, Stanske was working at a grain elevator as an employee of the Farmers Marketing Association. His duties included operating the auger system of the elevator. The auger system transported grain from the point where it was unloaded from rail cars to a central location for distribution into various storage elevators. Wazee had installed the elevator's electrical system, which included a push-button switch with which the operator engaged the auger system. A red light installed in a separate fixture above the switch came on whenever the auger was in operation. On April 2, 1980, Stanske pushed the switch to engage

the auger, and the red indicator light exploded. Fragments of glass and metal cut Stanske's face, and some became imbedded in his left eye. Stanske suffered permanent impairment of vision in that eye as a result of the injury.

On August 31, 1981, Stanske filed suit in Denver District Court alleging that Wazee was negligent in installing the indicator light fixture and that the manufacturer was negligent in producing that fixture. Stanske later dismissed the claim against the manufacturer.

The deposition of an employee of the Farmers Marketing Association and an affidavit executed by Wazee's president established that the grain elevator had been constructed in the early or mid–1950s, that Wazee had installed the entire electrical system for the elevator, and that Wazee had installed the indicator light fixture no later than 1956, more than ten years prior to the accident. Depositions of consulting engineers hired by Stanske and by Wazee established that the likely underlying cause of the explosion was the fact that the indicator light fixture was rated for a maximum of 125 volts, but had been installed on a 240–volt line. The engineers offered detailed explanations of the ways in which the mismatched electrical facilities could have caused the red glass casing on the indicator light fixture to explode.

Based on the information developed during discovery and on the affidavit of Wazee's president, Wazee moved for summary judgment on the ground that Stanske's claim was barred by the statute of repose set forth in section 13–80–127(1)(a), 6 C.R.S. (1985 Supp.). That statute provides, in relevant part:

> All actions against any architect, contractor, builder or building vendor, engineer, or inspector performing or furnishing the design, planning, supervision, inspection, construction, or observation of construction of any improvement to real property shall be brought within two years after the claim for relief arises, and not thereafter, but in no case shall such an action be brought more than ten years after the substantial completion of the improvement to the real property....

Wazee claimed that its action in installing the electrical system, including the indicator light fixture, constituted the design and construction of an improvement to real property as those terms are used in section 13–80–127. Thus, Wazee argued, Stanske's claim was barred because the action was brought more than ten years after the completion of the improvement.

In response, Stanske argued that the applicable statute of limitations was not section 13–80–127 but rather section 13–80–127.5, 6 C.R.S. (1985 Supp.). The latter statute provides in relevant part:

> Notwithstanding any other statutory provisions to the contrary, all actions except those governed by section 4–2–725, C.R.S., brought against a manufacturer or seller of a product, regardless of the substantive legal theory or theories upon which the action is brought, for or on account of personal injury, death, or property damage caused by or resulting from the manufacture, construction, design, formula, installation, preparation, assembly, testing, packaging, labeling, or sale of any product ... shall be brought within three years after the claim for relief arises and not thereafter.

Stanske argued that his claim against Wazee alleged that Wazee was negligent in the installation of a product, i.e., the indicator light fixture, making section 13–80–127.5 the applicable statute of limitations. Since the action was brought within three years of the explosion and injury, the argument proceeded, section 13–80–127.5 did not operate to bar the claim.

Following a hearing, the district court granted Wazee's motion for summary judgment. The district court concluded that the relevant facts, as detailed above, were not in dispute so that the matter was proper for summary judgment. The district court then analyzed the two statutes and concluded that if the case involved an injury arising from an "improvement to real property," section 13–80–127 should control as the "most specifically relevant statute to

the situation." In reaching this conclusion, the court decided that the statute urged by Stanske, section 13–80–127.5, was "intended by the legislature to concern itself with products liability within the scope of that liability" and did not "relate specifically to improvements to real property." Finally, the court concluded that the electrical system installed by Wazee, including the indicator light fixture, constituted an improvement to real property because the system was "an integrated distribution system controlled by an electrical system affixed to the wall and running through the building and by which this grain is distributed from the ground underneath the railroad tracks into appropriate bins—I do not see how this system and its components could be anything else but an improvement to real property." Accordingly, the district court held that Stanske's claim against Wazee was barred by section 13–80–127 because Stanske brought suit more than ten years after the substantial completion of the improvement to real property.

Stanske appealed, and the court of appeals affirmed. *Stanske v. Wazee Electric Co.*, 690 P.2d 1291 (Colo.App.1984). We granted Stanske's petition for certiorari to review the scope and application of sections 13–80–127 and 13–80–127.5.

## II.

The task before us is to interpret and apply two statutes adopted by the Colorado legislature. In so doing, it is our duty to ascertain the intent of the legislature and to give effect to that intent whenever possible. *Industrial Commission v. Board of County Commissioners*, 690 P.2d 839, 844 (Colo.1984). To determine the purpose of the legislature in adopting any statute, we must consider the language of that statute as a whole. *Public Employees' Retirement Ass'n v. Greene*, 195 Colo. 575, 577, 580 P.2d 385, 387 (1978); *Conrad v. City of Thornton*, 191 Colo. 444, 449, 553 P.2d 822, 826 (1976).

By its terms, section 13–80–127 applies to all actions against certain classes of persons—architects, contractors, builders, building vendors, engineers and inspectors—who perform the specific activities of designing, planning, supervising, inspecting, constructing, or observing the construction of an improvement to real property. All of these roles and activities relate "to the process of building a structure." *Condit v. Lewis Refrigeration Co.*, 101 Wash.2d 106, 676 P.2d 466, 468 (1984) (construing similar statute); *see also Yarbro v. Hilton Hotels Corp.*, 655 P.2d 822, 827–28 (Colo.1983); *Brown v. Jersey Central Power & Light Co.*, 163 N.J.Super. 179, 394 A.2d 397, 404–06 (1978). The statute focuses on persons whose activities relate to the construction of a building or other structure, or to the improvement of such a structure, in contrast to those who design, manufacture, supply or service particular items that are placed within the building or are made part of it through the efforts of others. *See Yarbro*, 655 P.2d at 827–28. To determine whether this statute applies to bar any particular claim, the nature of the claim must be examined to see whether it alleges misconduct arising out of an activity that the statute was designed to protect.

■ In contrast, the competing statute urged by Stanske, section 13–80–127.5, was adopted as part of a legislative package that provided for actions based upon injury or damage caused by defective products. *See* ch. 199, secs. 1–4, §§ 13–21–401 to –405, 13–80–127.5, 1977 Colo.Sess.Laws 819, 819–21. Stanske's claim against Wazee does not stem from an allegedly defective product, but rather from the allegedly improper design and construction of a part of the electrical system of the elevator. That is, products not alleged to be intrinsically defective were improperly combined in the electrical system as put in place by the contractor, Wazee. For this reason, we agree with the district court and the court of appeals that the statute of limitations set forth in section 13–80–127.5 has no role to play in this case.

Our analysis of the relevant statutes here is consistent with our opinion in *Yarbro*, in which we reviewed the constitutional-

ity of the immediate predecessor to the present section 13–80–127.[1] In that case, Yarbro sought to recover from Hilton Hotels Corporation and from certain architects for the wrongful death of Yarbro's wife. She had fallen to her death through the glass window of a room on the fifteenth floor of a hotel in Denver owned and operated by Hilton and designed by the architects. Yarbro alleged that his wife's death resulted from the negligent design of the hotel room and window. Because the hotel had been completed in 1960 and the action had been filed nineteen years later, the district court granted the architects' motion for summary judgment based on the ten-year statute of repose in section 13–80–127. 655 P.2d at 823–24.

Yarbro appealed, arguing, among other things, that the statute violated his right to equal protection of the laws because it granted immunity to a certain classification of defendants without a rational basis for denying immunity to other defendants. *Id.* at 827–28. We upheld the constitutionality of the statute and, in doing so, distinguished between those whose activities are covered by the statute and those who produce and supply products. We stated:

> Suppliers and manufacturers, who typically supply and produce components in large quantities, make standard goods and develop standard processes. They can thus maintain high quality control standards in the controlled environment of the factor[y]. On the other hand, the architect or contractor can pre-test and standardize construction designs and plans only in a limited fashion. In addition, the inspection, supervision and observation of construction by architects and contractors involves individual expertise not susceptible to the quality control standards of the factory.

*Id.* at 828 (quoting *Burmaster v. Gravity Drainage District No. 2,* 366 So.2d 1381, 1386 (La.1978)). We specifically referred to the statute of limitations urged here by Stanske, section 13–80–127.5, as typical of the general rules governing liability for defects in products. *Yarbro,* 655 P.2d at 828. We concluded, however, that "the tort rationale for product liability does not easily extend to cover the providing of services," which are governed instead by section 13–80–127. *Id.*

In determining whether section 13–80–127 applied to bar Stanske's claim, the district court and the court of appeals primarily focused on whether the indicator light fixture, or the entire electrical system of which the fixture was a part, should be characterized as an "improvement to real property." The parties' briefs in this court are similarly focused. The plain terms of the statute require that the challenged building activity relate to an "improvement to real property." When faced with identical or similar statutes in analogous factual situations, some courts have turned to the law of fixtures or other common law doctrines that classify property as either realty or personalty to determine whether the particular facts involved an "improvement to real property." *E.g., Wiggins v. Proctor & Schwartz, Inc.,* 330 F.Supp. 350, 352–53 (E.D.Va.1971); *Yakima Fruit & Cold Storage Co. v. Central Heating & Plumbing Co.,* 81 Wash.2d 528, 503 P.2d 108, 110 (1972). In *Cudahy Co. v. Ragnar Benson, Inc.,* 514 F.Supp. 1212, 1215–16 (D.Colo.1981), however, the court viewed the issue of the meaning of "improvement to real property" in section 13–80–127 as one to be determined by reference to the "ordinary sense of the term." *See also Stanske v. Wazee Electric Co.,* 690 P.2d at 1293 (relying on *Cudahy Co.*); *Kallas Millwork Corp. v. Square D Co.,* 66 Wis.2d 382, 225 N.W.2d 454, 456–57 (1975) (refer-

---

**1.** The legislature amended section 13–80–127 in 1979. Ch. 144, sec. 1, § 13–80–127, 1979 Colo. Sess.Laws 631, 631–32. *Yarbro* involved a constitutional challenge to the statute in the form in which it appeared prior to the 1979 amendment. It is the post–1979 version of section 13–80–127 that is applicable to Stanske's claim against Wazee, although the differences in the two versions of the statute are immaterial to the issues raised in this appeal. We upheld the constitutionality of the statute in its current form against an equal protection challenge in *Criswell v. M.J. Brock & Sons, Inc.,* 681 P.2d 495, 496–98 (Colo.1984).

ring to dictionaries for guidance in defining the phrase "improvement to real property" appearing in a statute of repose).

 We agree that the ordinary meaning of the language provides the best guidance to construction of the statute. Although, as recognized by the court in *Cudahy Co.*, case law regarding fixtures may prove helpful by analogy, *see* 514 F.Supp. at 1215, nothing in the statute suggests that this reservoir of common law principles, developed for other purposes, provides the controlling criteria for construction of section 13–80–127. Moreover, in devoting attention to determining whether an improvement to real property is involved, we must not be diverted from the central fact that the applicability of section 13–80–127 turns primarily on the nature of the activity involved and not on the characterization of the property as realty or personalty. Any use of such characterization must not conflict with the legislative intent to extend the protections of section 13–80–127 to those engaged in the process of building a structure and not to those who simply are involved in the production and supply of products to be made part of the improvement by others. For example, a manufacturer of a defective product should not obtain the benefit of the repose provisions of section 13–80–127 simply because that product—such as a piece of construction material or heavy machinery—has been installed in a building in a manner that would cause it to be characterized as a real property fixture under the common law.

 Turning to the specifics of this case, we conclude that Stanske's suit against Wazee is barred by the statute of repose contained in section 13–80–127.[2] Following discovery, it became clear that Stanske alleged negligence on the part of Wazee in the design and construction of the grain

---

**2.** We agree with the court of appeals and the district court that the relevant underlying facts are undisputed and that whether Wazee's activities constituted the design and construction of an improvement to real property is a question of law, for it involves the interpretation of the terms of a statute and the application of that statute to known facts. *See Kallas Millwork*

elevator's electrical system—the installation of an indicator light fixture rated for 125 volts on a 240 volt line—and did not claim that any particular product was defective. Moreover, under the plain terms of the statute, Wazee qualifies as a contractor that, by its work in installing the electrical system in the grain elevator, has designed and constructed an integral and essential part of the improvement to real property at issue. The statute was intended by the legislature to afford protection for exactly this type of activity. The district court correctly granted Wazee's motion for summary judgment on the ground that Stanske's claim was barred by the ten-year statute of repose set forth in section 13–80–127, and the court of appeals correctly affirmed.

We affirm the judgment of the court of appeals.

*Corp. v. Square D Co.,* 66 Wis.2d 382, 225 N.W.2d 454, 456 (1975). Summary judgment was appropriate under these circumstances. C.R.C.P. 56(c); *see Financial Associates, Ltd. v. G.E. Johnson Construction Co.,* 723 P.2d 135, (Colo.1986).