**TWO DENVER HIGHLANDS LIMITED PARTNERSHIP, a Colorado limited partnership, Plaintiff–Appellant,**

v.

**DILLINGHAM CONSTRUCTION N.A., INC. and Mobile Premix Concrete, Inc., Defendants–Appellees.**

No. 95CA1192.

Colorado Court of Appeals, Div. A.

June 13, 1996.

Rehearing Denied Aug. 8, 1996.

Certiorari Denied Feb. 24, 1997.

Huntington C. Brown & Associates, Huntington C. Brown, Denver, for Plaintiff–Appellant.

Tilly & Graves, P.C., David D. Schlachter, Douglas W. Colville, Denver, for Defendant–Appellee Dillingham Construction N.A., Inc.

Cooper & Clough, P.C., Larry S. McClung, Denver, for Defendant–Appellee Mobile Premix Concrete, Inc.

Opinion by Judge PIERCE.*

In this contract dispute, the trial court dismissed as untimely the complaint of plaintiff, Two Denver Highlands Limited Partnership, against defendants, Dillingham Construction N.A., Inc. and Mobile Premix Concrete, Inc. We affirm.

The relevant facts are not in dispute. Plaintiff owns a nine-story office building and associated three-story parking garage. Plaintiff's predecessor entered into a contract with Dillingham's predecessor for construction of the building and the garage. Dillingham acted as the general contractor for the construction of the garage. Defendant Mobile Premix was a subcontractor hired by

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. Art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1995 Cum.Supp.).

Dillingham to install and to supply the concrete used in the construction of the garage.

Construction was substantially complete in October 1985. In November or December 1992, plaintiff discovered that certain portions of the garage's upper level concrete deck were discolored and exhibited a substantial amount of plastic shrinkage cracking. Plaintiff commenced this action in October 1994 against defendants for damages resulting from this defective condition.

Defendants filed a motion for summary judgment on the grounds that their liability was limited by the six-year period set forth in the applicable statute of repose, § 13–80–104, C.R.S. (1987 Repl.Vol. 6A.). The trial court granted defendants' motion and dismissed the action with prejudice.

The sole issue for review is whether § 13–80–104 applies to Mobile Premix's activities in preparing and installing the concrete used to build the parking garage, and to Dillingham's duties as general contractor. We conclude that the statute of repose applies to defendants' activities.

Section 13–80–104 is entitled "Limitations of actions against architects, contractors, builders or builder vendors, engineers, inspectors, and others" and provides in relevant part:

> (1)(a) Notwithstanding any statutory provision to the contrary, all actions against any architect, contractor, builder or builder vendor, engineer, or inspector performing or furnishing the design, planning, supervision, inspection, construction, or observation of construction of any improvement to real property shall be brought within the time provided in section 13–80–102 after the claim for relief arises, and not thereafter, but in no case shall such an action be brought more than six years after the substantial completion of the improvement to the real property....
>
>     . . . .
>
> (c) Such actions shall include any and all actions in tort, contract, indemnity, or contribution, or other actions for the recovery of damages for:

> (I) Any deficiency in the design, planning, supervision, inspection, construction, or observation of construction of any improvement to real property; or
>
> (II) Injury to real or personal property caused by any such deficiency....

■ The statute was intended to apply only to negligence in planning, design, construction, supervision, or inspection that results in a defect in an improvement to real property that causes an injury, and to limit actions against building professionals only for claims of injury arising from defects in the improvement they create. *Irwin v. Elam Construction, Inc.*, 793 P.2d 609 (Colo.App. 1990).

It is undisputed that defects developed in the concrete decking of the garage that defendants created. Therefore, if the garage is an improvement to real property, and if defendants designed, planned, supervised, inspected, constructed, or observed the construction of the garage, then the statute bars plaintiff's claim. This determination is a question of law. *Anderson v. M.W. Kellogg Co.*, 766 P.2d 637 (Colo.1988).

The meaning of the term "improvement to real property" is to be determined by reference to the ordinary sense of the term and given its usual and ordinary meaning. *Enright v. Colorado Springs*, 716 P.2d 148 (Colo.App.1985).

■ The principal factor to be considered in making a determination of whether an activity constitutes an improvement to real property is the intention of the owner. *Enright v. Colorado Springs, supra* (vestibule attached to airport terminal is improvement to real property because owner intended to provide permanent relief from high winds). Also, an activity is an improvement to real property if it is essential and integral to the function of the construction project. *Stanske v. Wazee Electric Co.*, 722 P.2d 402 (Colo.1986)(construing predecessor statute and finding that electrical system in grain elevator was improvement to real property); *Anderson v. M.W. Kellogg Co., supra* (C–7 conveyor improvement to real property); *Embree v. American Continental Corp.*, 684

P.2d 951 (Colo.App.1984)(lot grading is part of improvements to real property).

Here, the owner intended to improve the real property by building a parking garage. The concrete used to build the garage was an essential and predominant part of the garage. Therefore, the concrete is an improvement to real property.

We now turn to whether defendants' activities fall within those protected by the statute of repose. There is no dispute that defendant Dillingham was a contractor as that term is used in the statute. However, plaintiff argues that Mobile Premix was a materialman who supplied a product that was defective and that it therefore cannot avail itself of § 13–80–104. We disagree.

The focus of § 13–80–104 is on persons whose activities relate to the construction of a building or other structure, or to the improvement of such a structure, in contrast to those who design, manufacture, supply, or service particular items that are placed within the building or are made part of it through the effort of others. In short, the statute applies to roles and activities that relate to the process of building a structure. *Stanske v. Wazee Electric Co., supra.*

A division of this court applied the predecessor statute to § 13–80–104 to a general contractor's claims against a subcontractor whose alleged negligence caused damage to an improvement to real property. *Sharp Brothers Contracting Co. v. Westvaco Corp.,* 817 P.2d 547 (Colo.App.1991). Thus, subcontractors are included within the statute.

It is undisputed that Mobile Premix was a subcontractor. It is also clear that its activities in preparing and installing the concrete related to the process of building a structure. We therefore conclude that the activities of Mobile Premix fall within those protected by § 13–80–104.

The judgment of dismissal is affirmed.

STERNBERG, C.J., and SMITH,* J., concur.