Muriel **BARRON** and Fernando Gallardo, Plaintiffs–Appellants,

v.

**KERR–McGEE ROCKY MOUNTAIN CORPORATION, a Delaware corporation, Defendant–Appellee.**

No. 06CA1333.

Colorado Court of Appeals, Div. I.

Sept. 20, 2007.

Certiorari Denied April 14, 2008.

Bernard, Lyons, Gaddis & Kahn, P.C., Bradley A. Hall, Richard N. Lyons, II, Longmont, Colorado, for Plaintiffs–Appellants.

Grund, Dagner & Nelson, P.C., John W. Grund, David S. Werber, Denver, Colorado, for Defendant–Appellee.

Opinion by Judge J. JONES.

In this premises liability action, plaintiffs, Muriel Barron and Fernando Gallardo, appeal the district court's summary judgment in favor of defendant, Kerr–McGee Rocky Mountain Corporation, after determining that Kerr–McGee was the statutory employer of Barron's late husband and Gallardo, and therefore immune from suit under sections 8–41–102 and 8–41–402, C.R.S.2006. We affirm.

## I. Background

Barron's husband and Gallardo were employed by a contractor hired by Kerr–McGee to install an oil storage tank at a saltwater disposal facility owned and operated by Kerr–McGee. Kerr–McGee does not own the real property on which the facility is located. Kerr–McGee has several storage tanks at the facility, ranging in size from twelve feet by fifteen feet to thirty feet by fifteen feet. The storage tanks are affixed to the real property on concrete slab foundations.

While Barron's husband and Gallardo were working on the storage tank, an explosion occurred, killing Barron's husband and injuring Gallardo. Plaintiffs received workers' compensation benefits from the contractor.

Plaintiffs commenced this action against Kerr–McGee, asserting claims under the premises liability statute, section 13–21–115, C.R.S.2006. Kerr–McGee moved for summary judgment, arguing that it was the statutory employer of Barron's husband and Gallardo under section 8–41–402, which imposes the obligations of the Workers' Compensation Act (the Act), sections 8–40–101 to –47–209, C.R.S.2006, on owners of real property or improvements to real property who retain contractors to work on the property, but immunizes the statutory employer from all civil liability. *See Wagner v. Coors Energy*

*Co.*, 685 P.2d 1380, 1382 (Colo.App.1984). Kerr–McGee asserted that the storage tank on which Barron's husband and Gallardo were working was an improvement to real property within the meaning of section 8–41–402, and that it was therefore immune from plaintiffs' suit.

The district court granted summary judgment in Kerr–McGee's favor, finding as a matter of law that the storage tank was an improvement to real property, and that Kerr–McGee was a statutory employer and therefore immune from liability on plaintiffs' tort claims. Plaintiffs appeal.

## II. Discussion

Plaintiffs contend the district court erred in determining that the storage tank was an improvement to real property under the Act because there was no evidence that (1) the storage tank increased the capital value of the real property, or (2) the owner of the real property considered the tank an improvement. We are not persuaded.

### A. Standard of Review

Summary judgment should be granted only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. C.R.C.P. 56(c); *Premier Farm Credit, PCA v. W-Cattle, LLC*, 155 P.3d 504, 512 (Colo.App. 2006). We review the district court's order granting summary judgment de novo. *Cyprus Amax Minerals Co. v. Lexington Ins. Co.*, 74 P.3d 294, 298–99 (Colo.2003); *Premier Farm Credit*, 155 P.3d at 512.

### B. Immunity for a Statutory Employer

An employer that complies with the provisions of the Act is immune from all civil actions that may be brought by an employee for a work-related injury. The Act is an employee's exclusive remedy for such an injury. § 8–41–102; *see Triad Painting Co. v. Blair*, 812 P.2d 638, 641 (Colo.1991); *Cowger v. Henderson Heavy Haul Trucking Inc.*, 179 P.3d 116, 118 (Colo.App. 2007). The Act also provides immunity to an entity found to be a "statutory employer" of an employee.

*Finlay v. Storage Tech. Corp.*, 764 P.2d 62, 63–64 (Colo.1988).

Kerr–McGee contends it was the statutory employer of Barron's husband and Gallardo under section 8–41–402(1), which provides as relevant here:

> Every person, company, or corporation owning any real property or improvements thereon and contracting out any work done on and to said property to any contractor, subcontractor, or person who hires or uses employees in the doing of such work shall be deemed to be an employer under the terms of [the Act].

The sole issue in this appeal is whether the storage tank on which Barron's husband and Gallardo were working falls within the statutory meaning of an improvement to real property as a matter of law, thereby qualifying Kerr–McGee as a statutory employer and entitling it to summary judgment.

### C. Meaning of "Improvement"

■ The term "improvement" is not defined by the Act. Where a term "is not defined by the statute, . . . we must assume that the General Assembly intended that th[e] phrase be given its usual and ordinary meaning." *Enright v. City of Colorado Springs*, 716 P.2d 148, 149 (Colo.App.1985) (construing the term "improvement" in a statute of limitations); *see also Anderson v. M.W. Kellogg Co.*, 766 P.2d 637, 640 (Colo. 1988) (construing the same term in a statute of repose). Where, as here, the material facts are undisputed, "the question whether a particular item is an improvement to real property is a question of law." *Stanske v. Wazee Elec. Co.*, 690 P.2d 1291, 1293 (Colo. App.1984) *(Stanske I)*, *aff'd*, 722 P.2d 402 (Colo.1986) *(Stanske II)*.

An improvement to real property is commonly understood as "[a]n addition to real property, whether permanent or not; esp[ecially] one that increases its value or utility or that enhances its appearance." *Black's Law Dictionary* 773 (8th ed.2004). In other contexts, the supreme court has held that in determining the meaning of the term "improvement," the court's primary focus must be the "nature of the activity in-volved." *Anderson*, 766 P.2d at 640–41 (quoting *Stanske II*, 722 P.2d at 406–07).

Thus, a component that is an essential and integral part of a larger system may be an improvement. *See Two Denver Highlands Ltd. P'ship v. Dillingham Constr. N.A., Inc.*, 932 P.2d 827, 830 (Colo.App.1996) (concrete used to build parking garage "was an essential and predominant part" of the garage and therefore was an improvement to real property); *Embree v. Am. Cont'l Corp.*, 684 P.2d 951, 952 (Colo.App.1984) (grading to lot was an improvement to real property because it "is essential and integral to the construction and completion of a house"). This is so even if the item could be removed from the property. *Enright*, 716 P.2d at 150 (glass vestibule attached by bolts to an entry to an airport terminal was an improvement because "the vestibule was a permanent fixture to the terminal itself," even though the vestibule could, theoretically, be unbolted and removed); *Stanske I*, 690 P.2d at 1293 (indicator light which was part of auger start switch, which in turn was an integral component of electrical system on grain elevator, was improvement even though switch "could probably be removed from the wall").

### 1. Increase in Capital Value

We reject plaintiffs' contention that the party claiming immunity must demonstrate that the alleged improvement increased the capital value of the real property, and that summary judgment here was inappropriate because Kerr–McGee did not present any such evidence. We note initially that plaintiffs did not raise this argument in the district court, but raise it on appeal because the district court, in ruling on Kerr–McGee's motion for summary judgment, cited definitions of "improvement" that indicate an increase in capital value is a relevant factor. Plaintiffs' contention fails.

In support of their position, plaintiffs point to three dictionary and reference book definitions of improvement which note that an improvement to property is a permanent addition to real property that may, among other things, enhance the real property's capital value. *See* 41 Am.Jur.2d *Improvements* § 1 (2005); *Black's Law Dictionary* 761 (7th

ed.1999); *Webster's Third New International Dictionary* 1138 (1976). When considered together, however, the definitions on which plaintiffs rely, like that quoted above, suggest that an increase in capital value is one of several factors that may indicate that an item is an improvement. *See* 41 Am.Jur.2d *Improvements* § 1 (defining "improvement," in part, as something "intended to enhance the value, beauty, *or utility* of real property *or to adapt it for new or further purposes*" (emphasis added)); *Black's Law Dictionary* 761 (7th ed.1999) (defining "improvement" as "[a]n addition to real property, whether permanent or not; esp. one that increases its value *or utility* or that enhances its appearance" (emphasis added)); *Webster's Third New International Dictionary* 1138 (defining "improvement" as "a permanent addition to or betterment of real property that enhances its capital value and that involves the expenditure of labor or money and is *designed to make the property more useful* or valuable as distinguished from ordinary repairs" (emphasis added)).

■ Further, plaintiffs have not cited any legal authority that requires consideration of whether the item increases the real property's capital value when evaluating whether an item constitutes an improvement to real property. None of the Colorado decisions we have reviewed which addressed the meaning of the term considered the increase in the capital value of the real property. *See Anderson,* 766 P.2d at 641; *Stanske II,* 722 P.2d at 406–07; *Two Denver Highlands Ltd. P'ship,* 932 P.2d at 830; *Enright,* 716 P.2d at 150; *Stanske I,* 690 P.2d at 1293; *Wagner,* 685 P.2d at 1382; *Embree,* 684 P.2d at 952. We therefore conclude that enhancement of the real property's capital value is a relevant, but not essential, factor in considering whether an item is an improvement.

### 2. Real Property Owner's Intention

Relying on *Enright,* plaintiffs also contend that the party claiming immunity must establish that the owner of the real property, as contrasted with the owner of the item located on that property, intended for the item to be an improvement, and that summary judgment here was inappropriate because Kerr–McGee submitted no such evidence. Again, we disagree.

While the division in *Enright* stated that the principal factor to be considered in determining whether an item is an improvement is the intention "of the owner," its discussion of the issue does not indicate whether "owner" refers only to the owner of the real property or also to the owner of the item located thereon. *Enright,* 716 P.2d at 150. Contrary to plaintiffs' suggestion, in *Enright* the owner of the real property and of the personal property was the same; therefore, the division drew no distinction between such owners. As we read *Enright,* "owner" can refer to either the owner of the real property or the owner of the item located thereon. We also observe that, as noted, after the division's decision in *Enright,* the supreme court ruled in two cases that in determining the meaning of the term "improvement," the primary focus must be the nature of the activity involved. *Anderson,* 766 P.2d at 640–41; *Stanske II,* 722 P.2d at 406–07.

Further, the distinction plaintiffs draw between the owner of the real property and the owner of the purported improvement has been rejected in the context of section 8–41–402(1). In *Wagner,* the division held that "an owner of real property *or* an owner of improvements on real property" may be considered a statutory employer under what is now section 8–41–402(1). *Wagner,* 685 P.2d at 1382. This distinction has also been rejected with respect to premises liability claims, like those of plaintiffs here, asserted pursuant to section 13–21–115. Under that statute, a person or entity in possession of the property—either the owner of the real property or the owner or lessor of improvements thereon, even if such possession is not exclusive—may be considered a "landowner" under the statute and may be liable to an individual injured on the property. *Pierson v. Black Canyon Aggregates, Inc.,* 48 P.3d 1215, 1219–20 (Colo. 2002).

We therefore hold that the intention of the owner of an item located on real property or the intention of the real property owner may be considered in determining whether an object constitutes an improvement to real property within the meaning of section 8–41–

402(1); a showing of the intent of both is not required in all circumstances.

## D. The Storage Tank was an Improvement

The following facts are undisputed. Kerr–McGee intended the storage tank on the property to be an improvement. Kerr–McGee operates a facility on the property of which the storage tank is one integral and essential component. Its presence therefore enhances the utility of the property. Further, the storage tank is large and anchored to a concrete slab, making it a permanent feature affixed to the real property.

Based on these undisputed facts, we conclude as a matter of law that the storage tank is an improvement to real property within the meaning of section 8–41–402(1). It follows that Kerr–McGee is a statutory employer under that statute. Accordingly, the district court did not err in granting summary judgment in Kerr–McGee's favor.

The judgment is affirmed.

Judge MÁRQUEZ and Judge TAUBMAN concur.