**William G. BUSH and Colleen C. Bush, Plaintiffs–Appellants,**

v.

**ROCHE CONSTRUCTORS, INC., a Colorado Corporation, and Francis Constructors, Inc., a Colorado Corporation, Defendants–Appellees.**

No. 90CA0414.

Colorado Court of Appeals, Div. III.

Aug. 15, 1991.

Williams, Trine, Greenstein & Griffith, P.C., Mari C. Bush, J. Conrad Metcalf, Boulder, for plaintiffs-appellants.

Younge & Hockensmith, P.C., Mark R. Luff, Grand Junction, for defendant-appellee Roche Constructors.

Hall & Evans, Alan Epstein, Denver, for defendant-appellee Francis Constructors.

Opinion by Judge CRISWELL.

William G. and Colleen Bush, appeal from the summary judgment dismissing their complaint against defendants, Roche Constructors, Inc., and Francis Constructors, Inc., because their claims were not brought within six years of the date that defendants had completed their construction of a residential improvement. We affirm.

The complaint, which was filed July 10, 1989, claimed damages for losses resulting from the alleged improper construction of a deck and patio area at plaintiffs' residence. It is undisputed that construction of the deck and patio was completed in the fall of 1980 and that plaintiffs first became aware of structural damage to their deck, patio, and residence in 1988.

Defendants filed motions to dismiss the complaint, asserting that plaintiffs' claims were barred by § 13–80–104, C.R.S. (1987 Repl.Vol. 6A), the six-year statute of repose for actions against contractors. The trial court treated the motions as motions for summary judgment, determined that the six-year statute was applicable, and granted the motions in favor of both defendants.

### I.

Plaintiffs first contend that the trial court erred in determining that the six-year statute of repose set forth in § 13–80–104, C.R.S. (1987 Repl.Vol. 6A) was applicable to their claims. They argue, instead, that the trial court should have held that their action was governed by the former ten-year statute of repose. We disagree.

That version of the former statute, § 13–80–127, C.R.S., which was in effect at the time that the work on plaintiffs' patio was completed in 1980, provided in pertinent part:

"All actions against any ... contractor ... performing or furnishing the design, planning, supervision, inspection, construction, or observation of construction of any improvement to real property shall be brought within two years after the date the claim for relief arises, and

not thereafter, but *in no case shall such an action be brought more than ten years after the substantial completion of the improvement....*" (emphasis supplied)

Colo.Sess.Laws 1979, ch. 144, § 1 at 631–32.

In 1986, however, the General Assembly repealed this statute and adopted § 13–80–104. This new statute also included a two-year statute of limitations, but reduced the period of the statute of repose as follows:

"in no case shall ... an action be brought *more than six years after the substantial completion of the improvement....*" (emphasis supplied)

Section 13–80–104(1)(a), C.R.S. (1987 Repl. Vol. 6A).

With respect to the new statute, the General Assembly declared: "This act shall take effect July 1, 1986, and shall apply to claims for relief *arising* on or after said date." Colo.Sess.Laws 1986, ch. 114, § 23(1) at 706 (emphasis supplied). The determinative issue, therefore, is whether plaintiffs' cause of action arose before or after July 1, 1986.

The new statute, § 13–80–104(1)(b), C.R.S. (1987 Repl.Vol. 6A), specifies that "[a] claim for relief arises under this section at the time the claimant ... discovers ... the physical manifestations of a defect in the improvement which ultimately causes the injury."

Here, it is undisputed that plaintiffs first noticed the structural problems allegedly caused by defendants' construction in 1988. Accordingly, their claims did not "arise," if at all, until that time, and their claim for relief is, as directed by the terms of the new statute, governed by the new statute of repose and, therefore, is barred by that statute. *See Stanske v. Wazee Electric Co.,* 722 P.2d 402, 406 (Colo.1986); *Austin v. Litvak,* 682 P.2d 41 (Colo.1984); *Yarbro v. Hilton Hotels Corp.,* 655 P.2d 822 (Colo. 1982).

Under the law in effect when their claims arose, *i.e.,* when the manifestations of the claimed defects were discovered, the time to assert such claims expired in 1986. We conclude, therefore, that the trial court

properly determined that the six-year statute of repose in § 13–80–104(1)(a) barred their assertion. *See Yarbro v. Hilton Hotels Corporation, supra.*

## II.

■ Plaintiffs alternatively contend that, because their damages resulted from deficiencies in the improvement itself and did not constitute collateral damage to other property caused by a defect in the improvement, the statute of repose was inapplicable to their claims. We disagree.

In *Duncan v. Schuster–Graham Homes, Inc.,* 194 Colo. 441, 578 P.2d 637 (1978), the supreme court held that the phrase "injury to person or property" contained in the then existing statute of repose referred only to claims for personal injury or damage to property other than the defective improvement itself. Thus, that statute did not apply to bar the *Duncan* plaintiffs' claim for contract damages arising out of the defective improvement itself.

The response of the General Assembly to this judicial conclusion was to amend the statute the following year. As amended and as presently constituted, § 13–80–104(1)(c), C.R.S. (1987 Repl.Vol. 6A), states that it applies to:

"*[A]ny and all actions in tort, contract,* indemnity, or contribution or other actions *for the recovery of damages for: Any deficiency in* the design, planning, supervision, inspection, construction, or observation of construction of *any improvement to real property....*" (emphasis supplied)

This statute, therefore, specifically includes actions for breach of contract or in tort to recover damages for any deficiency in the construction, or observation of construction, of the improvement itself, in addition to collateral damages caused by the defective construction. Here, the damages prayed for in the complaint are those arising from the defective improvement itself. Thus, the trial court properly concluded that § 13–80–104 applied to the claims asserted.

## III.

Plaintiffs also contend that, if interpreted in the foregoing manner, the application of § 13–80–104 to their claims violates the guarantee against retrospective legislation found in Colo. Const. art. II, § 11, because the operative facts upon which the claims are grounded arose before the adoption of the present statute in 1986. We disagree.

■ A law is applied retrospectively only if it takes away or impairs vested rights acquired under existing laws or creates a new obligation. *Stewart v. Public Employees' Retirement Association,* 612 P.2d 1141 (Colo.App.1979). Application of a statute is not rendered retroactive and unlawful merely because the facts upon which it operates occurred before its adoption. *Continental Title Company v. District Court,* 645 P.2d 1310 (Colo.1982). Further, if the time for filing suit elapses pursuant to a statute of repose prior to the time that plaintiff discovers the alleged defect, a cause of action may never arise or become vested at all. *Yarbro v. Hilton Hotels Corp., supra.* Thus, the determinative issue for deciding if application of a statute is retroactive is whether a plaintiff's claim for relief had already accrued as of the effective date of that statute.

■ Here, the alleged defect occurred before construction was completed in 1980, and plaintiffs did not discover the problem until 1988. Their claim for relief had not yet arisen under the former statute as of the date that the amended statute of repose became effective on July 1, 1986. Thus, we conclude that § 13–80–104 may properly be applied to bar plaintiffs' claims without violating the prohibition against retrospective legislation contained in Colo. Const. art. II, § 11. *See Yarbro v. Hilton Hotels Corporation, supra.*

## IV.

■ Plaintiffs finally contend that the application of § 13–80–1204 to their claims violated the guarantees under Colo. Const. art. I, §§ 6 and 25. However, because these assertions were not made in the trial court, we decline to consider them for the

first time on appeal. *See Colgan v. State Department of Revenue,* 623 P.2d 871 (Colo.1981).

## V.

We have considered the plaintiffs' other contentions and conclude that they lack merit.

Judgment affirmed.

TURSI and PLANK, JJ., concur.