**Lisha VARGAS, Plaintiff–Appellant,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant–Appellee.**

**No. 95CA0374.**

Colorado Court of Appeals, Div. III.

March 7, 1996.

Melat, Pressman, Ezell & Higbie, Alan Higbie, Colorado Springs, for Plaintiff-Appellant.

Retherford, Mullen, Johnson & Bruce, Neil C. Bruce, Thomas J. Barton, Amelia L. Klemme, Colorado Springs, for Defendant-Appellee.

Opinion by Judge ROY.

Plaintiff, Lisha Vargas, appeals from a summary judgment entered in favor of defendant, State Farm Mutual Automobile Insurance Company (State Farm). We reverse and remand for further proceedings.

In April 1990, just prior to graduating from high school, plaintiff, who was insured by State Farm, suffered torn knee ligaments in an automobile accident. Prior to the accident, plaintiff was a full time student with no, or very limited, employment history.

Plaintiff asserts that prior to the accident she was interested in criminal justice (law enforcement) as a career field. Following her graduation from high school, plaintiff enrolled in a junior college criminal justice program, but because of her knee condition, she changed her major to psychology. After one year of junior college, plaintiff held four minimum, or near minimum, wage jobs, each for a relatively short time, two of which aggravated her injury.

In August 1991, plaintiff first met with Olson Vocational Services (vendor) to undergo an "Initial Vocational Assessment." At that time she was considering cosmetology as a career. Her treating physician continued to place limits on her physical activities with particular regard to lifting and standing. In September 1991, vendor issued an "Employability Assessment" which questioned the viability of cosmetology as an appropriate career goal and which stated:

> Lisha Vargas is a 19–year–old woman who, as a result of injuries incurred in an automobile accident on April 20, 1990, has physical limitations that will affect her vocational future. The limitations imposed do not allow her to meet the demands of preferred vocational directions in Criminal Justice. She would have benefitted from vocational rehabilitation counseling prior to deciding upon training directions in psychology and cosmetology. There are indications that she will have difficulty in meeting the demands of both of these directions.

> . . . .

> In addition, she has lost the ability to perform her chosen career. Those occupations within her physical capacities have not been of interest to her. She is still going through an adjustment stage that is often found with individuals who, as a result of injury, must change career goals.

State Farm refused to pay benefits to plaintiff for the services provided by vendor. Plaintiff then commenced these proceedings seeking recovery of the claimed benefits from State Farm and treble damages as provided by statute, and asserting a claim for compensatory and punitive damages based on a bad faith breach of the insurance contract.

State Farm filed a motion for summary judgment arguing that the Colorado Auto Accident Reparations Act, § 10–4–701 et seq., C.R.S. (1994 Repl.Vol. 4A) (No Fault

Act), did not cover vendor's services. More particularly, State Farm asserted, relying on *United Service Auto Ass'n. v. Martin*, 841 P.2d 391 (Colo.App.1992), that vendor's services were in the nature of job search and placement services and therefore not covered. In addition, State Farm asserted that plaintiff is not entitled to rehabilitative occupational training because she had not been employed prior to the accident. The trial court agreed and granted State Farm's motion for summary judgment.

Initially, we note that summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. The burden is on the moving party to show that no genuine issue of material fact exists, and the court must resolve all doubts as to whether an issue of fact exists against the moving party. *Nelson v. Elway*, 908 P.2d 102 (Colo.1995).

Plaintiff contends that the trial court erred in concluding that, as a matter of law, the services provided by vendor were not covered as "rehabilitative occupational training" under the No Fault Act and in granting summary judgment for State Farm. We agree that there are genuine issues of material fact which preclude summary judgment.

■ The purpose of the No Fault Act "is to avoid inadequate compensation to victims of automobile accidents" and to provide "benefits ... to persons injured in accidents involving such vehicles." Section 10–4–702, C.R.S. (1994 Repl.Vol. 4A); *see Meyer v. State Farm Mutual Automobile Insurance Co.*, 689 P.2d 585 (Colo.1984). The No Fault Act is remedial in nature and is to be liberally construed. *Travelers Indemnity Co. v. Barnes*, 191 Colo. 278, 552 P.2d 300 (1976).

Under the version of the No Fault Act applicable to this proceeding, an insurer was required to provide:

> Compensation without regard to fault for payment of the cost of rehabilitation procedures or treatment and *rehabilitative occupational training* necessary because of bodily injury arising out of the use or operation of a motor vehicle.

Colo. Sess. Laws 1973, ch. 94, § 13–25–6(4)(a)(i) at 336 (emphasis added) (now codified with changes at § 10–4–706(1)(c)(I), C.R.S. (1994 Repl.Vol. 4A)).

In *United Service Auto Ass'n. v. Martin, supra*, 841 P.2d at 393, a division of this court concluded that "rehabilitative occupational training" did not include job search and placement assistance but was limited to "instruction in, or development of, occupational skills so as to restore a person's capacity to work." The *Martin* court accepted a definition of "job search and placement assistance services" as "those offered to one *who has acquired skills* necessary to be employed in the marketplace which identify potential employers, help the individual seek and obtain a job, or help the individual analyze potential employment situations." (emphasis added)

In this instance, however, the evidence is undisputed that plaintiff continues to be limited by her injury and that vendor was assisting plaintiff in choosing an art, profession, or occupation commensurate with those limitations. It is also undisputed that plaintiff had not yet embarked on any rehabilitative occupational training program to prepare her for any occupation.

This dispute arose when, according to plaintiff's complaint, vendor evaluated plaintiff for such training and gave guidance as to appropriate career fields and goals, taking into account her accident-related physical limitations. State Farm does not appear to dispute the fact that an evaluation is necessary to determine whether occupational rehabilitative training is required and, if required, its scope.

We recognize, as did vendor, that young people recently graduated from high school and others might require guidance counseling in selecting a career field or goal for reasons other than limitations occasioned by accident-related injuries or disabilities. While there is evidence in the record that the services that vendor provided were causally related to the injuries, State Farm is free to disagree, but in doing so creates a disputed question of material fact.

The fact that the injured party has no, or a limited, employment history does not in and of itself disqualify that party from rehabilitative occupational training. Any injury which has an extended or permanent impact on a person's ability to work or which limits the employability or appropriate career or employment options of a person might well require an evaluation, guidance, or special training in order for the injured party to select an appropriate career or profession.

We, therefore, conclude that there is a dispute concerning a material issue of fact as to whether the services provided by vendor were instruction in, or the development of, occupational skills so as to restore a person's capacity to work and whether the services were causally related to the accident. Hence, entry of summary judgment was error.

The judgment is reversed, and the cause is remanded to the trial court for further proceedings consistent with this opinion.

PLANK and NEY, JJ., concur.