**Robert GLEASON and Deirdre Gleason, Plaintiffs–Appellees,**

v.

**BECKER–JOHNSON ASSOCIATES, INC. and Leonard C. Becker, Defendants–Appellants.**

No. 94CA1804.

Colorado Court of Appeals, Div. V.

March 21, 1996.

Johnson and Johnson, LLC, Scott W. Johnson, Colorado Springs, for Plaintiffs-Appellees.

White & Steele, P.C., Robert R. Carlson, Christopher P. Kenney, Denver, for Defendants-Appellants.

Opinion by Judge TAUBMAN.

In this action seeking damages for negligent inspection of a previously owned home before its purchase by the plaintiffs, defendants, Becker–Johnson Associates, Inc. and Leonard C. Becker (collectively Becker–Johnson), appeal the trial court's judgment entered on a jury verdict in favor of plaintiffs and from related orders in which the court refused to apply a statute of repose to bar the claim. The sole issue for our determination is whether the statute of repose set out in § 13–80–104(1)(a), C.R.S. (1987 Repl.Vol. 6A) applies to a claim premised on an allegation that an inspector negligently conducted a "pre-buy" inspection on an already existing improvement to real property. We conclude that it does not and therefore affirm.

The following facts are undisputed. Plaintiffs, Robert and Diedre Gleason, hired Becker–Johnson, a professional engineering firm, to conduct a "pre-buy" inspection of a house they intended to purchase. On April 25, 1984, a representative from Becker–Johnson performed a structural inspection and issued a report that concluded there were "no problems with the subsurface masonry garage wall or the foundation in general."

The Gleasons purchased the house in May 1984, and nearly eight years later, in March 1992, they discovered that a hairline crack, present at the time of the purchase, had opened significantly.

On February 28, 1994, the Gleasons filed a complaint against Becker–Johnson based on claims of negligence and negligent misrepresentation, alleging that the foundation of the inspected house was inadequate to resist the pressures of the surrounding soils, that these conditions were present and observable at the time of the inspection, and that defendants negligently inspected and, thus, failed to inform the Gleasons of these deficiencies.

Becker–Johnson moved for summary judgment based on the statute of repose, § 13–80–104(1)(a). The trial court denied Becker–Johnson's motion, along with its subsequent offer of proof, its motion for directed verdict, and its proposed jury instruction because it determined that the statute "is limited to services provided in the *construction* of im-

provements." (emphasis in original) A jury returned a verdict in favor of the Gleasons for damages in the amount of $46,000.

On appeal, Becker–Johnson contends that the trial court erred in concluding that § 13–80–104(1)(a) did not bar the Gleasons' claim. Becker–Johnson also asserts that the trial court erred in failing to instruct the jury on the provisions set forth in that statute. We do not agree.

The Gleasons assert that the terms of the statute are clear and do not apply so as to bar the instant case. Becker–Johnson, however, argues that the statute is ambiguous and should apply to the sort of home inspection considered here. We agree with Becker–Johnson that the statute is ambiguous, but conclude that it does not apply to the circumstances presented here.

Section 13–80–104(1)(a) provides in pertinent part:

> Notwithstanding any statutory provision to the contrary, all actions against any architect, contractor, builder or builder vendor, engineer, or inspector performing or furnishing the design, planning, supervision, inspection, construction, or observation of construction of any improvement to real property shall be brought within the time provided in section 13–80–102 after the claim for relief arises, and not thereafter, but in no case shall such an action be brought more than six years after the substantial completion of the improvement to the real property.

■ Unlike a statute of limitations, a statute of repose imposes an absolute bar to bringing suit after a set period of time, regardless of whether the claim has accrued or an injury has resulted. *Kuhn v. State,* 897 P.2d 792 (Colo.1995). Thus, even though a statute of limitations may not bar an action, a statute of repose operates independently.

■ To determine whether § 13–80–104(1)(a) applies to bar a claim, the nature of the claim must be examined to see whether it alleges misconduct arising out of an activity that the statute was designed to encompass. *Stanske v. Wazee Electric Co.,* 722 P.2d 402 (Colo.1986).

## I.

■ First, Becker–Johnson contends that § 13–80–104(1)(a) is ambiguous because its application to "construction of any improvement to real property" may be read to apply either to the actual process of construction or to completed construction of buildings or improvements. Accordingly, Becker–Johnson maintains that the statute should apply to the "pre-buy" inspection of the completed construction at issue here. We agree that this statutory language is ambiguous, but conclude that the General Assembly intended the statute to apply only to the actual process of construction.

■ If the statutory language lends itself to alternative constructions and its intended scope is unclear, then, to determine the appropriate meaning, a court may rely on several indicators, including the object that the General Assembly sought to attain by its enactment, the circumstances under which it was adopted, the legislative history, and the consequences of a particular construction. *See* § 2–4–203(1), C.R.S. (1980 Repl.Vol. 1B); *L.E.L. Construction v. Goode,* 867 P.2d 875 (Colo.1994).

■ We note initially that the limitation of actions under § 13–80–104(1)(a) is in derogation of the common law because, prior to the enactment of statutes of limitations relating to construction, builders and contractors were subject to potentially indefinite liability. *See Homestake Enterprises, Inc. v. Oliver,* 817 P.2d 979 (Colo.1991).

■ A statute in derogation of the common law must be strictly construed to limit its application to the clear intent of the General Assembly. *Bloomer v. Board of County Commissioners,* 799 P.2d 942 (Colo.1990).

In the 1986 legislative session, the General Assembly amended § 13–80–104(1)(a) to reduce the statute of repose from ten years to six years. In discussing the proposed amendment, one representative noted that the original bill arose "because we had homebuilders building homes...." Hearing on S.B. 96 before the House Judiciary Committee, 55th General Assembly, 1st Session (March 11, 1986).

Moreover, discussions of this amendment in both the House and the Senate reveal that its effect was considered only in relation to professionals engaged in the actual construction or modification of improvements to real property. In weighing the merits of the amendment, legislators specifically referred to the impact on the construction industry and on architects and engineers. No mention was made of inspectors and no testimony was received from professionals who were not connected with the building industry.

Indeed, all outside testimony came from builders, architects, and engineers. For example, the Senate Committee on Business Affairs and Labor received testimony from a member of an engineering council that "we believe six years is adequate time for a project to show defects resulting from negligence of design professionals." *See* Hearing on S.B. 69 before the Senate Committee on Business Affairs and Labor, 55th General Assembly, 1st Session (February 19, 25, 1986); Hearing on S.B. 69 before the House Judiciary Committee, 55th General Assembly, 1st Session (March 11, 13 & April 2, 1986).

Additionally, we note that appellate cases interpreting and applying § 13–80–104, C.R.S. (1987 Repl.Vol. 6A) or its predecessor have considered it only in situations where there is actual construction, or modification of construction, of an improvement to real property. Although these cases do not interpret the scope of the statute of repose with regard to "pre-buy" home inspections, their holdings are consistent with our interpretation. *See Anderson v. M.W. Kellogg Co.,* 766 P.2d 637 (Colo.1988) (negligent construction of plant and conveyor); *Bush v. Roche Constructors, Inc.,* 817 P.2d 608 (Colo.App.1991) (improper construction of a deck and patio area); *Sharp Bros. Contracting Co. v. Westvaco Corp.,* 817 P.2d 547 (Colo.App.1991) (negligent supervision of removal of coatings from storage tanks and columns).

The supreme court has stated that "the statutory language plainly contemplates a connection between the injury for which damages are sought and ... the improvement *being constructed." Homestake Enterprises, Inc. v. Oliver, supra,* 817 P.2d at 984

(emphasis added); *see also Irwin v. Elam Construction, Inc.,* 793 P.2d 609, 611 (Colo. App.1990) ("[The statute] was intended to limit actions against building professionals only for ... injury arising from defects in the improvements *they create."* (emphasis added)); *Stanske v. Wazee Electric Co., supra,* 722 P.2d at 406 ("The plain terms of [the statute] require that the challenged *building activity* relate to an improvement to real property." (emphasis added)).

Thus, we conclude that the legislative history surrounding the amendment of § 13–80–104 and the cases interpreting it reveal that it was intended to apply only to the actual process of construction and not to an unrelated activity such as a "pre-buy" home inspection.

## II.

Because the language in the statute that provides for the statute of repose to begin only after "substantial completion of the improvement to real property" does not parallel the statutory language pertaining to actions against inspectors, among others, Becker-Johnson next urges us to view that incongruity as a legislative oversight and interpret that language also to bar claims brought more than six years "after the date in which the inspection work is performed." Again, we decline to do so.

■ Interpreting the statute to apply only to actual construction or modification of improvements to real property gives consistent and harmonious effect to the entire statute. Specifically, the language in the statute that provides for the six-year period of repose to begin only after "substantial completion of the improvement to real property" naturally comports with this interpretation. *See In re Marriage of Davisson,* 797 P.2d 809 (Colo. App.1990) (statute should be interpreted so as to give consistent, harmonious, and sensible effect to all its parts).

■ Under this interpretation, the statute of repose would not bar actions based upon "pre-buy" home inspections. Nevertheless, actions against home inspectors would still need to be brought within two years after the buyer discovers or should have discovered a

problem arising from faulty inspection. *See* § 13–80–102, C.R.S. (1995 Cum.Supp.) (two-year general statute of limitations applies, *inter alia*, to tort actions based on negligence).

■ Accordingly, in our view, the statute of repose bars actions to recover damages only for a deficiency in the construction of any improvement to real property and not for the mere inspection of an already existing improvement. Thus, because the "pre-buy" inspection at issue here was not part of a building project, we agree with the trial court that § 13–80–104(1) is not applicable to bar plaintiffs' claims. Accordingly, there exists no impediment to the jury's verdict and the judgment entered thereon.

Judgment affirmed.

ROTHENBERG and CASEBOLT, JJ., concur.