**Terri DUNTON and Bradley Dunton, Plaintiffs–Appellees,**

v.

**WHITEWATER WEST RECREATION, LTD., Defendant–Appellant.**

**No. 96CA0605.**

Colorado Court of Appeals, Div. II.

May 1, 1997.

Rehearing Denied July 3, 1997.

Peter A. Goldstein, P.C., Peter A. Goldstein, Colorado Springs, for Plaintiffs–Appellees.

Krieger Hale Frankl & Mulcahy, William D. Mulcahy, Englewood, for Defendant–Appellant.

Opinion by Judge CRISWELL.

Defendant, Whitewater West Recreation, Ltd., appeals from the trial court's denial of its motion to set aside a default judgment entered in favor of plaintiffs, Terri and Bradley Dunton. We affirm.

On April 14, 1995, plaintiffs filed a complaint alleging that plaintiff Terri Dunton was injured while using a water slide designed and built by defendant. The complaint alleged that defendant was negligent in designing, building, and installing the slide and that such negligence proximately caused her injuries. Plaintiff Bradley Dunton asserted a claim for loss of consortium.

Defendant was served with a summons and a copy of the complaint on April 24, 1995. On May 25, 1995, after defendant had failed

to file a timely answer or other response to the complaint, plaintiffs' counsel filed a motion for entry of default pursuant to C.R.C.P. 55(a). The trial court entered an order of default on May 25, 1995, and directed that plaintiffs set a hearing to determine damages.

On September 29, 1995—some four months later—the trial court conducted a hearing on damages and received evidence from several witnesses, including both plaintiffs. Defendant was provided actual notice of this hearing, but it did not appear. At the conclusion of the hearing, the trial court entered judgment in favor of plaintiff Terri Dunton in the amount of $445,035.87 and in favor of plaintiff Bradley Dunton in the amount of $22,150.63.

About five months later, some ten months after defendant had been served with a copy of plaintiffs' complaint, defendant moved to set aside the default and default judgment pursuant to C.R.C.P. 55(c) and C.R.C.P. 60(b). It argued that plaintiffs had failed to comply with the requirements for obtaining a default judgment under C.R.C.P. 121 § 1–14. Defendant also asserted that it had a meritorious defense under the six-year statute of repose for injuries arising from alleged negligent construction or design of improvements to real property under § 13–80–104, C.R.S. (1987 Repl.Vol. 6A). It did not assert that its earlier failures to appear were excusable.

The trial court denied defendant's motion. In doing so, it relied, among other things, upon defendant's failure to provide any explanation for its previous defaults.

## I.

Defendant first contends that, because the six-year statute of repose had expired on plaintiffs' claims, the trial court lacked subject matter jurisdiction to enter the default and default judgment against it. We are not persuaded.

Defendant did not raise this jurisdictional argument at the trial court level or in its opening brief on appeal. However, because challenges to subject matter jurisdiction cannot be waived and may be asserted at any time, we address the contention here. *See*

*Minto v. Lambert,* 870 P.2d 572 (Colo.App. 1993).

In addressing this issue, we will assume that it is the present six-year statute of repose, rather than the preceding ten-year statute, as plaintiffs argue, that is applicable to plaintiffs' claims. *See Bush v. Roche Constructors, Inc.,* 817 P.2d 608 (Colo.App.1991).

Section 13–80–104(1)(a), C.R.S. (1987 Repl. Vol. 6A) provides, in relevant part, as follows:

Notwithstanding any statutory provision to the contrary, all actions against any architect, contractor, builder or builder vendor, engineer, or inspector performing or furnishing the design, planning, supervision, inspection, construction, or observation of construction of any improvement to real property shall be brought within the time period provided in section 13–80–102 after the claim for relief arises, and not thereafter, but in no case shall such an action be brought more than six years after the substantial completion of the improvement to real property....

This statute does not employ language, as some non-claim statutes do, providing that failure to comply with the limiting provision specifically bars the claim or deprives the court of jurisdiction over such claim. *See* § 24–10–109(1), C.R.S. (1996 Cum.Supp.) (governmental immunity statute); § 15–12–803(1), C.R.S. (1996 Cum.Supp.) (barring creditor's claims against decedent's estate after specified period); *First Interstate Bank v. Piper Aircraft Corp.,* 744 P.2d 1197 (Colo. 1987); *Public Service Co. v. Barnhill,* 690 P.2d 1248 (Colo.1984).

While some prior decisions have stated that this statute constitutes an "absolute bar" to a claim, *see Gleason v. Becker–Johnson Associates, Inc.,* 916 P.2d 662, 664 (Colo.App. 1996), such language was used to distinguish the statute's effect from the effect of the bar of a statute of limitations. That term was intended merely to emphasize that a claim can be barred by such a statute even before the claim has accrued; it was not used in any jurisdictional context.

Recently, in *First Interstate Bank v. Central Bank & Trust Co.,* 937 P.2d 855 (Colo. App. 1996), a division of this court analyzed

§ 11–51–125(8), C.R.S. (1987 Repl.Vol. 4B) of the Colorado Securities Act, a statute similar to § 13–80–104. That statute contains a limitations period based upon the discovery of facts giving rise to a cause of action, as well as an absolute repose period providing that "in no event" may a person sue "more than five years after purchase or sale" of a security. After comparing these bare limitations provisions to the more specific language found in non-claim statutes, including those cited above, the division in *First Interstate Bank* concluded that the five-year repose period did not restrict the trial court's subject matter jurisdiction over such a claim.

■ Section 13–80–104 is similar to the statute at issue in *First Interstate;* it, too, has no specific language evidencing the General Assembly's intent to restrict the judiciary's subject matter jurisdiction over claims to which that statute applies. The reasoning of *First Interstate* persuades us that the same analysis should be applied here. We conclude, therefore, that § 13–80–104 has no effect upon a court's jurisdiction; it must be pleaded and proven as an affirmative defense. Hence, because defendant failed to raise this defense in a timely manner, its possible existence presented no jurisdictional bar to the entry of the default judgment or to the denial of the motion to vacate that judgment.

## II.

Defendant also contends that the trial court abused its discretion in refusing to set aside the default and default judgment pursuant to C.R.C.P. 55(c) and C.R.C.P. 60(b). We disagree.

■ The trial court may set aside an entry of default for "good cause shown," and if judgment has entered on the default, the court may set it aside in accordance with C.R.C.P. 60(b). *See* C.R.C.P. 55(c); *Sumler v. District Court,* 889 P.2d 50 (Colo.1995).

■ A motion to set aside a default under C.R.C.P 55(c) and a motion to vacate a judgment under C.R.C.P. 60(b) on the basis of excusable neglect are sufficiently analogous to justify application of the same standards to either motion. In considering either type of motion, the trial court should base its decision on the following three criteria: (1) whether the neglect that resulted in the entry of judgment by default was excusable; (2) whether the moving party has alleged a meritorious defense; and (3) whether relief from the challenged order would be consistent with considerations of equity. *Buckmiller v. Safeway Stores, Inc.,* 727 P.2d 1112 (Colo.1986).

The court must consider each of these three criteria. However, the failure of the movant to satisfy any one of them justifies the denial of the motion. *Buckmiller v. Safeway Stores, Inc., supra.*

■ The party seeking relief has the burden of establishing grounds for relief by clear, strong, and satisfactory proof. The motion is, of course, addressed to the sound discretion of the trial court, and its decision will not be disturbed absent a clear abuse of that discretion. *Sumler v. District Court, supra.*

■ Here, if we assume that § 13–80–104 in its present form is applicable to this controversy, defendant did set forth a meritorious defense. However, as the trial court noted, defendant offered no explanation or excuse whatever for its failure to file a timely answer or other response to plaintiffs' complaint. Nor did it explain its failure, after notice, to appear for the damage hearing upon plaintiffs' motion for default judgment.

Hence, to the extent that defendant's motion to vacate the judgment was premised upon C.R.C.P. 60(b)(1), because defendant failed to present any evidence that its neglect was excusable, we conclude that the trial court did not abuse its discretion in denying the motion. *See Buckmiller v. Safeway Stores, Inc., supra.*

To the extent that defendant's motion for relief from the default judgment was premised upon C.R.C.P. 60(b)(5), rather than upon C.R.C.P. 60(b)(1), we also perceive no abuse of discretion by the trial court.

C.R.C.P. 60(b)(5) is a residual provision that authorizes a trial court to relieve a party from a final judgment for "any other reason justifying relief." However, this provision

has been construed to allow relief only in "extraordinary circumstances" or "extreme situations." *See Southeastern Colorado Water Conservancy District v. O'Neill,* 817 P.2d 500 (Colo.1991).

Once again, because defendant presented no excuse or explanation, much less any "extraordinary circumstances," for its failure to file a timely answer to the complaint or otherwise to appear in the proceedings, we perceive no abuse of discretion in the trial court's denial of its motion. *See Park Corp. v. Lexington Insurance Co.,* 812 F.2d 894 (4th Cir.1987) (existence of meritorious defense alone without accompanying explanation of circumstances resulting in default is insufficient to justify relief from default judgment pursuant to Fed.R.Civ.P. 60(b)(6)); *see also Plaisted v. Colorado Springs School District No. 11,* 702 P.2d 761 (Colo.App. 1985).

### III.

Defendant finally contends that the trial court abused its discretion in refusing to set aside the default judgment because plaintiffs did not submit an affidavit containing the factual averments mandated for entry of a default judgment under C.R.C.P. 121 § 1–14. We are not persuaded.

Here, the trial court found that plaintiffs had established, by evidence presented at the hearing on damages, all of the factual predicates for the entry of a default judgment by that rule. This included evidence that defendant is a foreign corporation licensed to do business in Colorado, that defendant was properly served, that venue was proper because plaintiff Terri Dunton was injured in Adams County, Colorado, and that plaintiffs had sustained damages. Defendant does not dispute any of these findings by the trial court.

C.R.C.P. 61 provides that: "[N]o error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for ... setting aside ... vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice." That rule further provides that the court, at every stage of the proceeding, must disregard any error or defect "which does not affect the substantial rights of the parties."

 Defendant has failed to explain how it was prejudiced in any manner by the fact that plaintiffs presented the factual requirements for entry of default judgment by means of actual testimony and other evidence rather than by affidavits. Accordingly, we perceive no error or abuse of discretion by the trial court in refusing to set aside the default judgment on this basis.

The judgment is affirmed.

MARQUEZ and TAUBMAN, JJ., concur.