**TWO DENVER HIGHLANDS LIMITED LIABILITY LIMITED PARTNERSHIP, a Colorado limited liability limited partnership, Plaintiff–Appellant,**

v.

**STANLEY STRUCTURES, INC., a Delaware corporation, Defendant–Appellee.**

No. 98CA2177.

Colorado Court of Appeals, Div. V.

Jan. 20, 2000.

Rehearing Denied March 30, 2000.

Certiorari Denied Oct. 30, 2000.

Rothgerber Johnson & Lyons LLP, Richard K. Clark, Michael D. Plachy, Denver, Colorado, for Plaintiff–Appellant

Berenbaum, Weinshienk & Eason, P.C., Eugene M. Sprague, I.H. Kaiser, Denver, Colorado, for Defendant–Appellee

Opinion by Judge DAVIDSON.

Plaintiff, Two Denver Highlands Limited Liability Limited Partnership, appeals from the trial court's entry of judgment in favor of defendant, Stanley Structures, Inc. The court determined that the construction statute of repose in § 13–80–104, C.R.S.1999, barred plaintiff's action. We affirm.

Defendant designed, manufactured, and installed precast concrete products for use in the structural framework of a parking garage owned by plaintiff. The garage was substantially completed in October 1985. In 1994, defendant discovered that some of the concrete products were defective and rendered the garage unstable. In February 1995, defendant informed plaintiff of the defects.

Plaintiff subsequently filed a complaint, alleging, as relevant here, negligence in the design and manufacture of the concrete products and strict liability for the defects.

Defendant moved for summary judgment, contending that plaintiff's action was barred by the six-year statute of repose for builders and others involved in building activity and, therefore, that any action against the defendant was barred. Plaintiff filed cross-motions for summary judgment, contending that its action was a products liability claim governed by § 13–80–106(1), C.R.S.1999, which provides a two-year limitations period for

such actions. Plaintiff asserted that its action had been filed within two years of the date when it discovered the defect and, therefore, that it was timely.

The trial court granted defendant's motion, and on appeal, plaintiff contends that this was error. We disagree.

■ We review a judgment granting a motion for summary judgment *de novo*. *Aspen Wilderness Workshop, Inc. v. Colorado Water Conservation Board*, 901 P.2d 1251 (Colo. 1995). Summary judgment is appropriate if no genuine issue as to any material fact exists and the moving party is entitled to judgment as a matter of law. The burden of showing that no such issue exists is on the moving party, and all doubts are to be resolved in favor of the nonmoving party. *Vargas v. State Farm Mutual Automobile Insurance Co.*, 916 P.2d 652 (Colo.App.1996).

Sections 13–80–104(1)(a) and 13–80–104(2), C.R.S.1999, provide in pertinent part:

> (1)(a) Notwithstanding any statutory provision to the contrary, all actions against any architect, contractor, builder or builder vendor, engineer, or inspector performing or furnishing the design, planning, supervision, inspection, construction, or observation of construction of any improvement to real property shall be brought within the time provided in section 13–80–102 after the claim for relief arises, and not thereafter, *but in no case shall such an action be brought more than six years after the substantial completion of the improvement to the real property* . . . .

> (2) In case any such cause of action arises during the fifth or sixth year after substantial completion . . . said action shall be brought within two years after the date upon which said cause of action arises. (emphasis added)

■ Section 13–80–104 is both a statute of limitations and a statute of repose. A statute of limitations takes effect when a claim arises, while a statute of repose bars the bringing of a suit after a set period of time, regardless whether an injury has occurred or a claim has arisen. *Gleason v. Becker–John-son Associates, Inc.*, 916 P.2d 662 (Colo.App. 1996).

■ This statute focuses on two categories: (1) certain types of professionals, and (2) certain building activities. The statute delineates the types of protected individuals, and differentiates between those whose activities relate to the building of a structure and those who manufacture products made part of the structure through the efforts of others. The conduct at issue must originate from an activity that the statute was designed to protect, namely, the process of building an improvement to real property. *See Stanske v. Wazee Electric Co.*, 722 P.2d 402 (Colo.1986) (interpreting predecessor statute).

### I.

■ Section 13–80–104 became effective on July 1, 1986, and applies to all claims arising on or after that date. Its predecessor, Colo. Sess. Laws 1986, ch. 114, § 13–80–127 at 697, provided a ten-year, rather than six-year, period of repose. Because the garage was substantially complete in October 1985, which was prior to the enactment of § 13–80–104, plaintiff contends as a threshold matter that the trial court applied the wrong statute of repose. We disagree.

■ A claim for relief under § 13–80–104(1)(a) arises at the time the claimant discovers, or should have discovered, the physical manifestations of a defect in the improvement that ultimately causes the injury. *See Bush v. Roche Constructors, Inc.*, 817 P.2d 608 (Colo.App.1991) (when construction was completed in 1980 but plaintiffs did not discover the defect until 1988, § 13–80–104 applied rather than predecessor statute since cause of action did not arise until 1988); *see also Kuhn v. State*, 897 P.2d 792 (Colo.1995) (statute of repose commences when a specific event occurs and bars claim for relief regardless whether claim has arisen).

Here, plaintiff did not discover the structural defects in the garage until February 1995, and therefore, its claim for relief did not arise until that time. Accordingly, the trial court properly considered plaintiff's action under § 13–80–104 rather than under the predecessor statute.

## II.

### A.

■ Plaintiff's primary contention is that, since its action was based on a claim for products liability and was brought against defendant solely as the manufacturer of a defective product, § 13–80–104, the construction statute of repose, was inapplicable. We disagree.

Defendant designed and manufactured its precast concrete products for plaintiff's garage and installed the product in the garage. The question is whether a manufacturer who has also designed and installed an allegedly defective product in an improvement to real property is exempt from liability under § 13–80–104 six years after the substantial completion of the improvement. Under plaintiff's theory, each activity of such a defendant should be considered discretely and a plaintiff may bring a products liability action based solely against the defendant as manufacturer.

The supreme court considered a similar question in *Anderson v. M.W. Kellogg Co.*, 766 P.2d 637 (Colo.1988) (interpreting predecessor statute substantially identical in pertinent part). There, the plaintiff had contended that the defendant, who had overseen the design, construction, assembly, and installation of a conveyor, was only a manufacturer and was therefore not protected by the construction statute of repose.

The court rejected the contention, stating that it was not concerned with "subtle distinctions" between the defendant's role as a "manufacturer" and its conduct as a "contractor" or "builder" of the conveyor. The facts showed that the defendant there was performing the conduct described by the statute, *i.e.,* "furnishing the design, planning, supervision, inspection, construction, or observation of construction of . . . [an] improvement to real property." *See* § 13–80–104(1)(a). The court concluded that, because defendant's conduct fell within the activities protected under the statute, it was protected by the statute of repose and plaintiff's action was barred. *See also Two Denver Highlands Limited Partnership v. Dillingham Construction N.A., Inc.*, 932 P.2d 827 (Colo.

App.1996) (defendant who prepared and poured concrete for garage at issue here was protected by § 13–80–104 because of involvement in activity relating to building of a structure).

The plaintiff in *Anderson* did not assert a products liability claim, as plaintiff has done here. Accordingly, relying on cases from other jurisdictions, plaintiff maintains that a construction statute of repose, such as that here, is not intended to exempt certain classes of manufacturers from products liability actions merely because they manufactured a product used in an improvement to real property. *See Luzadder v. Despatch Oven Co.*, 834 F.2d 355 (3d Cir.1987) (to immunize a manufacturer who happened to have its product attached to real property by another person would "cut the heart out" of state's products liability law).

However, nearly all the cases cited by plaintiff are not analogous to the facts here. In each, a manufacturer's product was attached to an improvement to real property by a person other than the manufacturer; the manufacturer itself was not involved in any building activities. And, in the single case in which the manufacturer had also installed the product at issue, contrary to plaintiff's assertion, the court did not conclude that a discrete claim could be brought against such a party if the resulting improvement to real property was defective. Rather, the court determined that the action was not barred because the plaintiff's injury arose from exposure to an inherently dangerous product and not from the construction process itself. *Blikre v. ACandS, Inc.*, 593 N.W.2d 775 (N.D.1999).

■ Accordingly, we conclude that § 13–80–104 extends to those involved in the actual process of construction, *see Gleason v. Becker–Johnson Associates, supra; Two Denver Highlands Limited Partnership v. Dillingham Construction N.A., Inc., supra,* and that, therefore, under the statute, a designation alone, such as "manufacturer," does not determine whether a defendant is protected. A court must examine the activities performed by the defendant in the building process. *See Anderson v. M.W. Kellogg Co.,*

*supra* (defendant who exercised control and supervision over design, construction, assembly, and installation of product protected under statute of repose); *Stanske v. Wazee Electric Co., supra* (statute focuses on persons whose activities relate to the construction or improvement of a building or structure).

The supreme court's analysis in *Anderson* is analogous to the "activity analysis" applied by Illinois and Missouri courts to interpret statutes of repose substantially similar to § 13–80–104. *See, e.g., Adcock v. Montgomery Elevator Co.,* 274 Ill.App.3d 519, 211 Ill.Dec. 169, 654 N.E.2d 631 (1995); *Blaske v. Smith & Entzeroth, Inc.,* 821 S.W.2d 822 (Mo.1991).

Under this "activity analysis," a court must not only examine the label placed on a party who was involved in the building process but must also look to whether that individual's actions fall within the statute's protected class of activities.

For example, in *Adcock,* the plaintiff, who had suffered injuries in an escalator accident, contended that the defendant was merely a manufacturer of a standardized product. The manufacturer in that case had designed, manufactured and installed the product, there, the escalator. The court held that if a manufacturer engages in significant activities at the construction site, which included, as here, installing its product, it is protected by the statute of repose, especially when the manufacturer had invested a substantial amount of time in the installation process. *See also Garner v. Kinnear Manufacturing Co.,* 37 F.3d 263 (7th Cir.1994) (manufacturer of garage door who also designed apparatus to owner's specifications, designed blueprint for assembly, and installed whole door assembly protected under Illinois statute of repose); *Frankenmuth Mutual Insurance Co. v. Marlette Homes, Inc.,* 456 Mich. 511, 573 N.W.2d 611 (1998) (manufacturer of modular homes was not mere supplier of mass-produced goods but a "contractor" protected under statute of repose because it made an improvement to real property); *Ball v. Harnischfeger Corp.,* 877 P.2d 45 (Okla.1994) (manufacturer who custom-designed crane performed one of activities specified by stat-ute of repose and was therefore more than mere supplier). *Cf. Illinois Masonic Medical Center v. A C & S,* 266 Ill.App.3d 631, 203 Ill.Dec. 604, 640 N.E.2d 31 (1994) (manufacturer who does not install product is not protected by statute of repose unless its role in construction extends beyond furnishing standard products).

Here, it is undisputed that although defendant was the manufacturer of the product, it also engaged in a substantial off-site and on-site role in the construction of the garage. Defendant designed and manufactured concrete products for the garage, including columns and beams. Experts for both parties agreed that defendant, using the products it manufactured, had erected the garage. Thus, we conclude that its actions fell within the class of activities delineated in § 13–80–104, specifically, "design" and "construction" of an improvement to real property. In addition, defendant was one of the persons specified in § 13–80–104, a "builder." Therefore, the trial court properly determined that defendant was protected by the construction statute of repose.

## B.

Regardless when the claim arises, the construction statute of repose bars any claim for relief six years after the substantial completion of the improvement to real property. In contrast, under the products liability statute of limitations, a plaintiff has two years to file suit after discovery of his or her injury. *See* § 13–80–106(1), C.R.S.1999 (providing for a two year limitations period, under which a claim arises upon discovery of the injury).

Relying on *Winkler v. Rocky Mountain Conference of the United Methodist Church,* 923 P.2d 152 (Colo.App.1995), plaintiff points out that when two limitations periods may be applied in an action, the longer period should be given precedence. Plaintiff argues that even if its claim would be barred under § 13–80–104(2), because its claim arose in February 1995 when it learned of the defects, its action—brought in January 1997—is timely under § 13–80–106. Thus, according to plaintiff, § 13–80–106 provides for a more

generous limitations period and, therefore, should apply here.

However, plaintiff's assertion notwithstanding, *Winkler v. Rocky Mountain Conference of the United Methodist Church, supra*, only stands for the proposition that when a claim is pursued by the same party on two theories governed by different statutes of limitation, the longer statute of limitations will apply. Although § 13–80–104 does contain a limitations period, here we are concerned with its six-year period of repose. The latter simply is not comparable to a statute of limitations. *See Southard v. Miles*, 714 P.2d 891 (Colo.1986) (a statute of repose extinguishes both rights and remedies whereas a statute of limitations extinguishes only the remedy).

The judgment is affirmed.

Judge TAUBMAN and Judge KAPELKE concur.