24CA1586 Conte v Frazar 10-09-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA1586
Boulder County District Court No. 23CV101
Honorable J. Keith Collins, Judge

---

John Conte,

Plaintiff-Appellant,

v.

Edward Frazar, Jr.,

Defendant-Appellee.

---

JUDGMENT AFFIRMED

Division VII
Opinion by JUDGE MOULTRIE
Tow and Lum, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced October 9, 2025

---

John Conte, Pro Se

Murphy & Decker, P.C., Michael J. Decker, M. Taylor Kruse, Denver, Colorado,
for Defendant-Appellee

¶ 1    Plaintiff, John Conte, appeals the district court's judgment dismissing his complaint against defendant Edward Frazar, Jr. We affirm.

## I.    Background

¶ 2    Conte filed a complaint in September 2023, asserting various claims against Frazar and others.[1] As best we understand, Conte's claims, which are related to the construction of his home and his prior employment relationship with Frazar, include the following allegations: negligence, interference with the formation of a contract, breach of contract, conspiracy, violations of Colorado's criminal code, wrongful termination, housing discrimination, and general constitutional violations.

¶ 3    Construction of Conte's home began in 1991 and was substantially completed in 1992. Frazar was an engineer who assisted in drafting the structural design plans for Conte's home. Conte alleges that Frazar's defective structural design plans caused him to fail an inspection, which resulted in Conte losing his original

---

[1] The record doesn't show that Conte served the other named defendants before the court entered the judgment dismissing his complaint. The other named defendants therefore aren't parties to this appeal.

financing for the construction of the home, along with other financial losses due to construction delays. He also alleges that Frazar and Frazar's supervisor conspired with each other to intentionally design a flawed structural plan meant to kill or seriously injure Conte.

¶ 4 Conte also alleges that he and Frazar worked at the same state agency where Frazar served as Conte's supervisor. Conte asserts that Frazar, while serving in that supervisory role, discriminated against him based on his religious affiliation and that Frazar's religious discrimination amounted to a violation of fair housing laws — although it's not clear whether he makes this claim in relation to the home construction allegations, the employment allegations, or both.

¶ 5 Frazar filed a motion to dismiss Conte's complaint (the motion). The motion alleged in relevant part that, given the age of the allegations underlying his claims, Conte's claims are time barred by any applicable statutes of limitation or repose.

¶ 6 Conte failed to file a timely response. Frazar filed a reply in support of the motion on December 11, 2023, after Conte's

response deadline had passed; the court granted the motion that same day.  In its order, the court said,

> What the Court was able to discern from reading the Complaint is that the majority of the conduct referenced occurred more than thirty years ago, and the most recent conduct mentioned in the Complaint appears to have been in 2011.  The Court also notes Plaintiff failed to file a Response to Defendant's Motion to Dismiss or provide the Court with any explanation that would justify the untimely filing of the claims in this matter.
>
> Accordingly, the Court finds that all conceivable asserted claims in the Complaint are time-barred.  The Court adopts the legal basis, outlined in Defendant's Motion to Dismiss, as its own, in support of its finding that Plaintiff's claims are time-barred by the applicable statute[s] of limitations and statute of repose.

¶ 7    Ten days later, Conte filed a response opposing the motion, but the court, noting that the case had already been dismissed, didn't take any action on Conte's response.

¶ 8    On August 1, 2024, Conte filed a motion requesting that the court hold a hearing.  On August 5, 2024, the court issued a "no action taken" order in response to that motion, again noting that the case had been dismissed and referring Conte to its December 11, 2023, order.

¶ 9    Conte filed his notice of appeal challenging the dismissal of his case on September 5, 2024.

¶ 10   Because Conte filed his notice of appeal nearly nine months after the court entered the judgment dismissing his complaint, this court issued a show cause order that required Conte to demonstrate why his appeal shouldn't be dismissed with prejudice for being untimely. Conte responded that he didn't receive notice of the order of dismissal until August 2024 after he filed the motion requesting the court to hold a hearing. This court therefore discharged the show cause order.

¶ 11   On appeal, Conte asserts that the statutes of limitation and statute of repose don't time bar his claims because of fraudulent concealment and equitable tolling. For the reasons below, we disagree and conclude that his claims are time barred.

## II.    Applicable Legal Principles

### A.    Appellate Jurisdiction

¶ 12   "The timely filing of a notice of appeal is a jurisdictional prerequisite to appellate review." *Estep v. People*, 753 P.2d 1241, 1246 (Colo. 1988). C.A.R. 4(a) requires that appellants file their notice of appeal within forty-nine days after the court enters a final

judgment.  C.A.R. 4(a)(1).  Pursuant to C.R.C.P. 58(a), when a court enters judgment and a party isn't present, the court must immediately mail the judgment to each absent party.  And, under C.A.R. 4(a)(5), if a court mails a judgment to an absent party, the deadline to file a notice of appeal begins to run from the date of the court's mailing.

## B.  Statutes of Limitation

### 1.  Tort Actions

¶ 13    Section 13-80-102(1)(a), C.R.S. 2025, provides that a plaintiff must bring a civil action for a tortious act — like negligence or interference with the formation of a contract — within two years after the cause of action accrues.  *See Harris Grp., Inc. v. Robinson*, 209 P.3d 1188, 1195 (Colo. App. 2009) (noting that interference with a prospective contractual relationship is an intentional tort).  A cause of action for an injury to a person or property "accrue[s] on the date both the injury and its cause are known or should have been known by the exercise of reasonable diligence." § 13-80-108(1), C.R.S. 2025.

## 2. Breach of Contract

¶ 14 To bring a civil action for a breach of contract, a plaintiff must file a complaint within three years after the cause of action accrues. § 13-80-101(1)(a), C.R.S. 2025. A cause of action for a breach of contract "accrue[s] on the date the breach is discovered or should have been discovered by the exercise of reasonable diligence." § 13-80-108(6).

## 3. Unfair Housing Practices

¶ 15 Section 24-34-502(1)(a)(I), C.R.S. 2025, prohibits unfair housing practices that, as relevant here, make housing unavailable to an individual because of their religion. A complaint alleging a violation of section 24-34-502 must "be filed with the [Colorado Civil Rights] [C]ommission . . . within one year after the alleged unfair housing practice occurred, or it shall be barred." § 24-34-504(1), C.R.S. 2025.

## 4. Wrongful Termination

¶ 16 Coloradans have the right to access fair employment that is free from religious discrimination. §§ 24-34-300.7(1), -402(1)(a)(I), C.R.S. 2025. If an employee believes they have been wrongfully terminated from their employment because of religious

6

discrimination, then they may seek relief by filing a charge against their employer with the Colorado Civil Rights Division. §§ 24-34-301(8), -306(1)(a)(I), C.R.S. 2025. A charge isn't timely — and is therefore barred — if the employee fails to file the charge within 300 days after the alleged discriminatory practice occurred. § 24-34-403, C.R.S. 2025.

C.    Statute of Repose for Claims Against an Engineer

¶ 17    "Section 13-80-104[, C.R.S. 2025,] is both a statute of limitations and a statute of repose." *Two Denv. Highlands Ltd. Liab. Ltd. P'ship v. Stanley Structures, Inc.*, 12 P.3d 819, 821 (Colo. App. 2000). The difference between a statute of limitations and a statute of repose is that "[a] statute of limitations takes effect when a claim arises, while a statute of repose bars the bringing of a suit after a set period of time, regardless whether an injury has occurred or a claim has arisen." *Id.*

¶ 18    Subject to an exception not applicable here, section 13-80-104(1)(a) requires an action against an engineer who furnished a design for an improvement to real property to be brought no more than six years after the substantial completion of the improvement.

### III.    Standard of Review

¶ 19    We review de novo a court's ruling on a C.R.C.P. 12(b)(5) motion to dismiss. *Norton v. Rocky Mountain Planned Parenthood, Inc.*, 2018 CO 3, ¶ 7. In doing so, we apply the same standards as the district court, meaning that we "accept all factual allegations in the complaint as true, viewing them in the light most favorable to the plaintiff." *Id.* However, we aren't required to accept bare legal conclusions as true. *Id.*

¶ 20    A plaintiff must allege a plausible claim for relief to survive a Rule 12(b)(5) motion to dismiss. *Scott v. Scott*, 2018 COA 25, ¶ 19; *see also Warne v. Hall*, 2016 CO 50, ¶ 24 (adopting plausibility standard in Colorado). Whether a complaint states a plausible claim for relief is context dependent and "requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). A claim is plausible when its factual allegations raise a right to relief above the speculative level, allowing us to draw reasonable inferences that the defendant is liable for the misconduct alleged. *Woodall v. Godfrey*, 2024 COA 42, ¶ 7. If the factual allegations in the complaint cannot, as a matter of law, support the claim for relief, then we will

8

uphold the district court's grant of the Rule 12(b)(5) motion.
*Norton*, ¶ 7; *Bewley v. Semler*, 2018 CO 79, ¶ 14.

## IV. Analysis

### A. We Have Jurisdiction Over This Appeal

¶ 21    As a threshold matter, Frazar argues that we don't have jurisdiction to consider Conte's appeal because it is untimely. We disagree.

¶ 22    We take judicial notice of the court file in Boulder County Case No. 23CV101. *See Harriman v. Cabela's Inc.*, 2016 COA 43, ¶ 64 (noting that appellate courts "can 'take judicial notice of the contents of court records in a related proceeding'" (quoting *People v. Sa'ra*, 117 P.3d 51, 56 (Colo. App. 2004))). The service history for the court's orders shows that the court didn't send Conte the order of dismissal or its order on his untimely opposition to the motion. Rather, the only order Conte appears to have received from the court indicating that his complaint had been dismissed was the court's August 5, 2024, order that it issued related to Conte's request for a hearing.

¶ 23    Because our review of the district court file demonstrates that Conte didn't receive notice of the dismissal of his complaint until

9

August 5, 2024, his notice of appeal filed on September 5, 2024, is timely. *See* C.A.R. 4(a)(5).

### B. Conte's Claims Are Time Barred

¶ 24 Conte is self-represented. While courts should broadly construe a self-represented party's pleadings "to ensure that they are not denied review of important issues because of their inability to articulate their argument like a lawyer," *Jones v. Williams*, 2019 CO 61, ¶ 5, we may neither rewrite a pro se litigant's pleadings nor act as an advocate for a pro se litigant, *People v. Cali*, 2020 CO 20, ¶ 34. And Conte is responsible for following the same procedural rules and other applicable law as parties represented by an attorney. *Adams Cnty. Hous. Auth. v. Panzlau*, 2022 COA 148, ¶ 8.

¶ 25 Conte appears to assert that his causes of action didn't accrue until the day he filed his complaint in September 2023 because Frazar engaged in fraudulent concealment, which prevented Conte from discovering his damages. Thus, he asserts that we should equitably toll the statutes of limitation and the statute of repose. He also asserts that "extraordinary circumstances beyond his control" prevented him from filing his complaint.

¶ 26    Equitable tolling "permits courts to toll a statute of limitations in limited circumstances based on a defendant's intentionally wrongful conduct." *City & County of Denver v. Bd. of Cnty. Comm'rs*, 2024 CO 5, ¶ 70.  However, Conte never argued to the district court that fraudulent concealment or other extraordinary circumstances beyond his control prevented him from filing his complaint until 2023.  The court therefore didn't have an opportunity to rule on those arguments.  Because Conte raises these arguments for the first time on appeal, they aren't preserved and we decline to consider them.  *Id.*

1.    Allegations Related to the Construction of Conte's Home

¶ 27    All of the factual circumstances underlying Conte's allegations about Frazar's structural design plan and the construction of Conte's home occurred between 1991 and 1992.  Accepting Conte's allegations as true, June 1992 was the latest he was aware that his home failed inspection due to structural defects and that he lost the financing for construction of the home.  Therefore, any cause of action he had against Frazar arising from the construction of the home began accruing in June 1992.  *See* § 13-80-108(1), (6) (accrual dates for tortious actions and breach of contract).

¶ 28    Conte's deadline to assert each of his alleged claims against Frazar expired as follows:

(1)    Claims for tortious actions — including negligence and interference with the formation of a contract — expired by the end of June 1994, which is two years after the cause of action accrued, *see* § 13-80-102(1)(a).

(2)    Breach of contract claims expired by the end of June 1995, which is three years after the cause of action accrued, *see* § 13-80-101(1)(a).

(3)    Claims for unfair housing practices expired by the end of June 1993, which is one year after the alleged unfair housing practice occurred, *see* § 24-34-504(1).

(4)    Claims for defective structural design expired by the end of June 1998, which is six years after the substantial completion of Conte's home, *see* § 13-80-104(1)(a).

Thus, those claims are barred by the statutes of limitation and statute of repose.

¶ 29    Conte also appears to assert that Frazar's actions in concert with others amounted to a seditious conspiracy under 18 U.S.C. § 2384. But a plaintiff in a civil case can't bring a claim against a

12

defendant based on the criminal code unless authorized by statute. *See Hurtado v. Brady*, 165 P.3d 871, 876 (Colo. App. 2007) (noting that "[a] plaintiff may not recover damages for an alleged violation of a criminal statute" unless the criminal statute creates a civil remedy). Section 2384 prohibits two or more people from conspiring to overthrow the federal government, it doesn't authorize a civil remedy, and it has no comparable Colorado counterpart that authorizes a civil remedy. Thus, the court didn't err by dismissing any claims Conte purports arose out of Frazar's alleged violation of 18 U.S.C. § 2384.

¶ 30 We likewise conclude that there is no civil remedy for Conte's assertions that Frazar's actions amounted to attempted homicide, reckless endangerment, criminal mischief, extortion, or other asserted violations of Colorado's criminal code. *See Hurtado*, 165 P.3d at 876. The court therefore didn't err by dismissing any claims Conte argues are based on Frazar's alleged violations of Colorado's criminal code.

¶ 31 To the extent that a claim for civil conspiracy is discernible from Conte's allegations, we conclude any such claim is time barred because "civil conspiracy claims share a statute of limitations with

the underlying tort" and begin accruing on the same date as the underlying tort. *Sterenbuch v. Goss*, 266 P.3d 428, 436 (Colo. App. 2011) (citation modified).

### 2. Allegations of Discriminatory Termination from Employment and Constitutional Violations

¶ 32   Conte says he was terminated from his employment at a state agency and that the termination process was "settled" as of August 6, 2010. Although he alludes to the fact that there was a determination that his termination was related to his own misconduct, he alleges that Frazar discriminated against him based on his religious affiliation. We conclude that any claims related to his employment termination are time barred.

¶ 33   Conte had to bring any claim for wrongful termination based on religious discrimination within 300 days after the alleged discriminatory action occurred. *See* § 24-34-403. Because Conte alleges the discrimination occurred during his employment, which ended on August 6, 2010, he was required to file a charge with the Colorado Civil Rights Division before June 2, 2011. *See id.* Likewise, to the extent that Conte alleges that Frazar's discriminatory actions violated fair housing practices, Conte was

required to file a charge related to those actions no later than August 6, 2011. *See* § 24-34-504(1). Thus, Conte's claims arising from his employment termination based on alleged religious discrimination are over a decade late and thus time barred.

¶ 34 Conte also alleges that a memo he received in June 1992 during the course of his employment documented "constitutional violations concerning [him] and family members." His argument is conclusory and underdeveloped. Because Conte failed to develop or support this assertion, we decline to further address it. *See Barnett v. Elite Props. of Am., Inc.*, 252 P.3d 14, 19 (Colo. App. 2010) (declining to consider a bald legal assertion presented without argument or development).

## V. Disposition

¶ 35 The judgment is affirmed.

JUDGE TOW and JUDGE LUM concur.